## Poole, Gilliam & Co. v. Carhart et al.

1. **Assignment:** EFFECT OF UNACCEPTED ORDER. An order drawn upon a third person cannot, until accepted, be the basis of an action by the payee against the drawee. (*Roberts v. Corbin*, 26 Iowa, 315, where the action was based on a bankers draft, distinguished.)

2. **Chattel Mortgage:** RECOVERY OF PROCEEDS: PROOF OF BALANCE DUE. Where an intervenor in a garnishment proceeding claimed the attached fund as the proceeds of the sale of chattel property on which he held a mortgage, but he failed to prove for how much the mortgage was given, and it appeared that $700 had been paid on it, *held* that he could not recover, because it did not appear that the mortgage was not fully paid.

*Appeal from Franklin District Court..*

FRIDAY, MARCH 4.

THE plaintiffs, judgment creditors of John Seney, garnished the defendant L. B. Carhart as the debtor of Seney. J. M. Hemingway intervened, claiming the funds sought to be reached by the garnishment. The court rendered judgment against the garnishee in favor of the plaintiffs. The intervenor, Hemingway, appeals.

*J. M. Hemingway*, for himself.

*Taylor & Evans*, for appellee.

ADAMS, CH. J.—The answer of the garnishee, Carhart, showed that he had in his hands a fund amounting to $281.39, arising from the sale of certain grain and feed belonging to the plaintiff's execution debtor, John Seney. The court rendered judgment for that amount in the plaintiffs' favor. Hemingway, the intervenor, claims the fund as having belonged to Charles Seney, and as having been assigned by Charles Seney to him. The fact is that John Seney mortgaged the grain to Carhart. Afterwards he and Carhart caused it to be ground and sold, and Carhart was allowed to retain the amount due him, and a balance of $281.39 was left in his hands. Hem-

ingway claims that Charles Seney had a junior mortgage upon the same grain, and that, when the grain was converted into money, his mortgage rested upon the proceeds, subject only to Carhart's claim, and that, after Carhart's claim was satisfied out of the proceeds, Charles Seney became the owner of the balance.

Several interesting questions have been presented in this case. One is as to whether Charles Seney's mortgage was so drawn as to cover the grain in question. The court below thought it was not. Another question is as to whether, if Charles Seney's mortgage did cover the grain in question, it covered the proceeds resulting from the sale of the grain. The appellees contend that it did not, and rely upon *Waters v. Cass Co. Bank*, 65 Iowa, 234. Another question presented is as to whether the intervenor, who claims as assignee of Charles Seney, has proven the alleged assignment. The plaintiffs denied the assignment; and, if the intervenor has failed to prove it, he cannot be allowed to recover. For the purpose of proving the assignment, a paper was introduced, which is in the following words:

" Pay to J. M. Hemingway cash now in your hands belonging to me, proceeds of fees, etc.          CHARLES SENEY.

" *To L. B. Carhart.*"

No evidence was introduced in proof of the genuineness of the signature, nor is the instrument referred to in the intervenor's petition in such a way as to render proof of the signature unnecessary. This alone would seem to be sufficient to defeat the intervenor's recovery. But that objection has not been raised in argument, and we prefer to rest our decision upon a different ground. The paper introduced was nothing but an order; and there is no pretense that it was ever accepted by Carhart, or even presented to him. We do not think, then, that any contract arose between Carhart and Hemingway upon which the latter can maintain an action. It is true that, in

1. ASSIGN-
MENT: effect
of unaccepted
order.

*Roberts v. Corbin,* 26 Iowa, 315, it was held that a draft drawn by a banker in Dubuque on the defendants, as bankers in New York city, with whom the Dubuque banker kept his deposits in New York to enable him to sell exchange on New York, constituted an assignment of so much of the deposit as the draft called for, and that the purchase of the draft by Roberts gave him a right of action against the defendants; but the ruling was based upon the ground that the defendants, at the time of the receipt of the deposits, contracted to pay the same out on the Dubuque banker's drafts, and that Roberts, by the purchase of the draft in question, became a party to that contract. Carhart, in the case at bar, had received no money from Charles Seney, nor made any contract with him. We have to say, then, that the mere drawing and delivery of the order by Charles Seney to Hemingway did not, in our opinion, give the latter a right of action against Carhart.

There is another reason why the intervenor cannot recover. He bases his right upon Charles Seney's mortgage and has failed to prove how much if anything, is due on the mortgage. There is no evidence as to how much the mortgage was given for, and there is evidence that $700 has been paid on it.

2. CHATTEL mortgage: recovery of proceeds: proof of balance due.

We think that the judgment must be

AFFIRMED.