E. W. CUTTING, Appellant, v. JOHN D. MULLANEY et al., Appellees; FIRST NATIONAL BANK OF WAUKON, Appellant.

**EXECUTION:** Property Subject to Execution—Improperly Returned
1 **Funds.** Where a judgment plaintiff attempted to repudiate the action of his authorized attorney in receiving part payment of the judgment and in assigning the balance due thereon, by returning the money to the attorney, held that such money was subject to levy as the property of such plaintiff, and was not the property of

another attempted purchaser of the judgment who had full knowledge of the prior satisfaction and assignment.

**INTEREST: When Nonallowable Against Officer.** Judgment for interest and costs will not be entered against a clerk of the. district court for withholding a judgment fund until the claims of rival claimants are adjudicated.

*Appeal from Allamakee District Court.*—A. N. HOBSON, Judge.

FEBRUARY 16, 1921.

REHEARING DENIED JUNE 25, 1921.

ACTION in equity, in the name of the assignee of a judgment, to compel the clerk of the district court to set aside and cancel an entry satisfying a judgment, and to recover proceeds of said judgment in the hands of the clerk and the defendant bank, and for other general equitable relief. The facts are somewhat complicated, and are fully stated in the opinion. Judgment was entered for plaintiff as prayed, except that he was not allowed interest on a part thereof. Plaintiff and the defendant bank both appeal.—*Modified and affirmed.*

*John McCook, E. W. Cutting, William S. Hart,* and *H. E. Taylor,* for appellants.

*William S. Hart, Frank Sayre,* and *J. E. Williams,* for appellees.

PER CURIAM.—I. The conceded facts in this case and material matters of record are substantially as follows: That one P. M. Washburn, on January 13, 1913, obtained a judgment in the district court of Allamakee County for $1,500 against the defendants John D. Mullaney, Harold B. Winter, and Mullaney & Winter; that a transcript of this judgment was filed in Cerro Gordo County, and the judgment became a lien upon the interest of the defendants in certain real estate adjacent to Mason City; that, on November 14, 1913, $1,000 was paid by Mullaney on said judgment to W. S. Hart, of Waukon, attorney for Wash-

1. EXECUTION: property subject to execution: improperly returned funds.

burn, and the lien thereof upon the real estate in Cerro Gordo County released; that, on January 10, 1914, Washburn, by W. S. Hart, his attorney, assigned the said judgment to J. E. Williams, an attorney at Mason City, in consideration of $590, the balance due on said judgment, with interest for one year at 6 per cent; that this assignment was, on the same day, filed in the office of the clerk of the district court of Allamakee County; that Hart promptly forwarded his check for $1,000 to Washburn, who resided at Waterloo, accompanied by a letter explaining that he had retained $390 for his services and $200 advanced by him in settlement of a judgment for $594.65, entered in the district court of Allamakee County on November 1, 1909, in favor of the First National Bank of Waukon, against Washburn.

Prior to some or all of these transactions, the plaintiff, E. W. Cutting, who is an attorney at Decorah, Iowa, purchased a farm of about 280 acres, belonging to Mullaney, at execution sale, and, for strategic purposes in connection therewith, desired to procure the assignment of a judgment, if one could be found, against Mullaney. Learning of the Washburn judgment, he went to Waukon on January 9th, where, in an interview with Hart, he was informed that $1,000 had been paid upon Washburn's judgment against Mullaney & Winter, and that Hart had agreed to assign the same to Williams, upon payment of the balance due. Cutting thereupon offered to pay Hart the balance due, and to protect him against any claim made by Mullaney & Winter, or by Williams, if Hart would assign the judgment to him. Hart declined to do this. Cutting, who was acquainted with Washburn, went immediately from Waukon to Waterloo, and, on the next day, for a consideration of $200, obtained an agreement or option from Washburn to assign to him his judgment against Mullaney & Winter et al.; and, on January 14th, a written assignment was executed, and Cutting paid Washburn $1,590 cash therefor. At this time, Washburn had in his possession the $1,000 check sent him by Hart. The assignment of the judgment by Hart to Williams and the remittance to Washburn of the full amount of the judgment, less the deductions aggregating $590 already mentioned by Hart, were all known to Cutting; and, by the terms of a written agree-

ment signed by Washburn and Cutting, the former agreed to return the check for $1,000 to Hart, and to send him drafts for $590, which he did, accompanying the same with a letter denying his authority to assign the judgment to Williams, refusing to ratify his act, and stating that he had assigned the same to Cutting. Immediately upon receipt of this letter from Washburn, inclosing the $1,000 check, signed, and the drafts for $590, Hart turned the same over to the First National Bank of Waukon, subject to the order of Washburn, whom he promptly notified of what he had done. Later, Cutting filed a motion in the office of the clerk of the district court of Allamakee County for an order of court directing the clerk, who had declined to do so, to issue execution on the judgment at the request of Cutting, for the reason that the assignment to Williams was prior in date of filing. Notice was served upon Williams of the filing of this motion, informing him of the time when it would be heard; but he defaulted, and the court ordered the clerk to issue execution, as requested by Cutting. Williams later filed a motion to set aside the default, but it was overruled.

As stated, the First National Bank of Waukon had a judgment against Washburn for $594.65. On January 17, 1914, execution was issued thereon, delivered to the sheriff, and levied upon the $590 in the bank, the proceeds of the drafts sent by Washburn to Hart on January 14th; also, upon the check for $1,000. The bank permitted the sheriff to withdraw $227.60, which, together with the $590, made the full amount of its judgment, with interest, costs, and accruing costs. The sheriff indorsed the latter sum on the check and returned it to the bank. The sheriff, on January 22d, returned the execution, showing satisfaction of the judgment in full. The $1,000 paid to Hart by Mullaney was not at once credited upon the judgment, because the bank had caused an execution to be levied upon the Washburn judgment, and Hart, who had a lien thereon for attorney's fees, obtained a temporary injunction, restraining the bank and sheriff from proceeding further on the sale of the judgment. The injunction action was neither tried nor dismissed. An attempt was made by Hart and the attorney for the bank to settle the judgment against Washburn, and Hart gave the bank's attorney a check for $200 for that purpose; but, owing

to a misunderstanding as to the costs, it was never applied. This is the $200 referred to by Hart in his letter to Washburn.

Plaintiff, in the petition filed in this case on April 15, 1916, alleged, in substance, that he was the owner of the judgment against Mullaney & Winters *et al.*, by assignment from Washburn, copy of which assignment he attached to the petition; that the assignment of the judgment by Hart, as attorney for Washburn, was without authority and void; that a payment of $1,000 had been indorsed on the judgment by the clerk of the district court without authority; and that same was a cloud upon the record of said judgment and plaintiff's title and interest therein; that the defendant clerk attempted to satisfy said judgment of record, without receiving payment of the amount due, and without authority; and that the defendant bank had funds in its possession that belonged to, plaintiff. He therefore prayed that each and all of the defendants be required to turn over to the clerk any funds in their possession, which should be applied on the judgment; that the satisfaction of said judgment be set aside; that general execution be issued; and for all proper equitable relief. All of the defendants appeared and filed answer, except Washburn. The defendant sheriff, the clerk of the district court, and Hart disclaimed any interest in the controversy. Mullaney & Winter pleaded full payment of the judgment, and the bank pleaded in justification of the proceedings on its judgment.

The case was tried on January 11, 1917, and judgment entered on April 5, 1918, as follows: For $1,000, interest, and costs against The First National Bank; and against Edgar Morstad, clerk of the district court, for $603.70, the amount paid to him by Mullaney & Winter in final satisfaction of the judgment, but without interest or costs in plaintiff's favor. The court found that the Washburn judgment had been fully satisfied and properly canceled by the clerk, and ordered that no judgment for costs be entered against the sheriff, Hart, or Mullaney, but ordered certain costs taxed against Williams, who, in his answer, claimed to be the owner of the judgment, by assignment from Washburn. The defendant First National Bank and plaintiff both appeal. The further issues joined upon

the answer of J. E. Williams and the separate reply of plaintiff to the answer of each defendant need not be stated.

As appears from the foregoing statement, at the time of the commencement of this suit, the judgment in favor of Washburn and against John D. Mullaney, H. B. Winter, and Mullaney & Winter was paid and satisfied in full and canceled of record. Hart retained the $390 which he deducted from the proceeds of the $1,000 paid to him by Mullaney on the judgment, and the $590 received from Williams for the assignment thereof to him. $817.60 of the money deposited by Hart in the bank for Washburn had been applied in satisfaction of its judgment against him, and the balance was still held by the bank. $603.70, paid to the clerk by Mullaney & Winter, was held by him for whomsoever the court found entitled to receive it.

We may as well, at the offset, dispose of the judgment entered in favor of plaintiff against the defendant Morstad, clerk of the district court, for $603.70. The court, as already stated, found that the payment of $1,000 to Hart and of the $603.70 to the clerk by Mullaney & Winter were in full of the judgment, and that the clerk properly entered satisfaction thereof, of record. Williams did not appeal, and plaintiff does not, on his appeal, complain of this ruling of the court. The judgment, therefore, against the clerk for $603.70 cannot be disturbed. As $1,000 was paid on the judgment before it was assigned to Cutting, it follows that the effect of the assignment, so far as Washburn was concerned, was to transfer to Cutting Washburn's interest in the unpaid balance. Hart, as attorney for Washburn, was authorized to receive the $1,000 payment on the judgment from Mullaney & Winter, and to deduct whatever was due him from Washburn for his services, from the funds in his hands belonging to him. The court below found that Hart's assignment of the judgment to Williams was with the full authority of Washburn. This finding is abundantly supported by the evidence. Washburn was, therefore, bound by the payment of $1,000 on the judgment and by the assignment by Hart to Williams, and any attempt upon his part to repudiate the same could have no legal effect upon the rights of either of the judgment debtors to have the payment credited upon the judgment, or of Williams to the unpaid balance due thereon.

The check for $1,000 and the $590 in drafts, which represented a part of the consideration paid by Cutting for the assignment of the judgment, were clearly the property of Washburn. The relation of Washburn to Mullaney & Winter and to Williams, as assignee, was in no wise altered by the return of the check and the remittance to Hart. The remittance of $590 was a mere voluntary act, and Hart was under no obligations to receive it in satisfaction of attorney's fees or money advanced in settlement of the bank's judgment, as he had already been paid in full therefor, nor was Williams required to accept the same and cancel the assignment of the judgment to him.

The necessity follows, therefore, that the check and money levied upon by the sheriff and applied to the satisfaction of the judgment of the bank against Washburn belonged to the latter, and was subject to such levy, unless the same belonged to Cutting under the terms of the other written agreement referred to above, entered into between him and Washburn on January 14th. No one will seriously claim that these funds were transferred to Cutting by the naked assignment of the judgment. The written agreement, executed January 14th, is not referred to in the petition, nor do we find any claim asserted in said petition based thereon. The agreement simply authorized Cutting to receive any and all money paid to Hart upon said judgment, or held by him or any other person, and, if necessary, to bring action therefor. The instrument is not, in form or effect, an assignment. Mere authority to receive the money from Hart or the bank would not entitle Cutting to retain the funds, if paid to him in virtue of such authority. As stated, Cutting, at the time this instrument was signed, knew that Washburn's attorney had been paid $1,000 by the judgment debtors and $590 by Williams for the assignment, and that Washburn was then in possession of a check for the full amount coming to him from the proceeds thereof. If the written instrument be construed as an order upon the bank for the funds in its possession, plaintiff can derive no benefit therefrom, for the reason that no notice was given the bank, nor was it presented for payment. Demand was first made when this action was commenced, which was long after the sheriff had returned the execution, showing the bank's judgment satisfied in full. *Poole, Gilliam & Co. v.*

*Carhart,* 71 Iowa 37; *Ruthven Bros. v. Clarke,* 109 Iowa 25; *McWilliams v. Webb & Son,* 32 Iowa 577; *First Nat. Bank v. Dubuque S. W. R. Co.,* 52 Iowa 378.

We are of the opinion that the instrument cannot be construed as an order, but that it has the effect only of conferring authority upon Cutting to collect the money. The agreement does not give him authority to bring suit in his own name. No claim is made by plaintiff that an equitable assignment of the fund to him resulted from the transactions or the agreement signed January 14th. Plaintiff was not, therefore, entitled to have judgment entered against the bank for $1,000.

In any event, plaintiff's claim is without equity, and upon no theory could it be claimed that he is entitled to recover any part of the $590 sent Hart by Washburn; it was no part of the proceeds of the judgment or of the sum received for the assignment to Williams. There is also a plea of estoppel against plaintiff; but, in view of the conclusion already announced, we need not discuss this plea.

Washburn was made a defendant in this action, and was a witness in behalf of plaintiff, but did not enter appearance or file answer herein. The judgment against the bank must, therefore, be treated as adjudicating plaintiff's claim to the $200 sent to Hart to reimburse him for money which it was thought he had advanced in settlement of the bank's judgment, in plaintiff's favor.

It is our conclusion, and we hold, that the judgment below against the defendant bank should be so modified as to allow plaintiff judgment only for whatever amount remains after deducting the aggregate of the bank's judgment against plaintiff, and $590, the sum sent Hart by Washburn. Interest on the balance should be allowed at 6 per cent only from the date of the commencement of this suit. Otherwise, the judgment is affirmed. The judgment against the clerk is also affirmed.

II. Plaintiff's appeal involves only the question of his right to interest and costs against the clerk and W. S. Hart. What has already been said disposes of these questions, except as against the clerk. The money paid to the clerk by Mul-

2. INTEREST: when nonallowable against officer.

laney & Winter was claimed by both plaintiff and Williams. The clerk was ready to pay it to

the party entitled to receive it, whenever these conflicting claims were adjudicated. The court properly refused to enter judgment against him, either for interest or costs. We find nothing in the record conferring jurisdiction upon this court to require the bank to turn over $590 of the funds in its possession to Williams, whom we assume, without deciding, to be entitled thereto. This cause will be remanded to the court below for judgment and decree in harmony with this opinion; or, if the parties prefer, same may be entered in this court.—*Modified and affirmed.*