**GENERAL AMERICAN LIFE INSURANCE CO., Plaintiff-Respondent,**

**v.**

**Edna V. ISABELL et al., Defendants,**

**Edna V. Isabell, Defendant-Appellant,**

**City of St. Louis et al.,
Defendants-Respondents.**

**No. 36174.**

Missouri Court of Appeals,
St. Louis District, Division Three.

March 25, 1975.

Motion for Rehearing or to Transfer
Denied May 19, 1975.

Hayes & Hayes, James P. Hayes, St. Louis, for defendant-appellant.

Kortenhof & Ely, Joel D. Monson, St. Louis, for plaintiff-respondent.

Jack L. Koehr, City Counselor, James J. Gallagher, Associate City Counselor, John

R. O'Malley, Asst. City Counselor, St. Louis, for defendants-respondents.

GUNN, Judge.

This appeal arises out of an interpleader action brought by General American Life Insurance Co. (General American), plaintiff-respondent, seeking a declaratory judgment to determine the rights of opposing claimants to certain hospital and medical benefits.

Appellant Edna Isabell makes claim to her husband's hospital and medical insurance benefits as widow and administratrix of her husband's estate, her husband being a named beneficiary of the insurance benefits. Appellants Hayes make claim to the benefits through attorneys' lien as attorneys for Mrs. Isabell and her husband's estate. The City of St. Louis and the Institute of Medical Education and Research, Inc., respondents, make claim to the benefits as assignees of the insurance policy benefits. Judgment was rendered in favor of the City of St. Louis and Medical Education and Research, Inc., and Mrs. Isabell and the Hayes have appealed. We affirm.

The case was tried on a meager stipulation of facts which provides the following essentials for our decision. Clarence Isabell was an employee of the Alpha Tank and Metal Manufacturing Company, (Alpha Tank). Pursuant to a union contract, Alpha Tank agreed to pay the premiums for hospital and medical insurance coverage for Mr. Isabell and other members of his union working for the company, and for that purpose a group health insurance policy was maintained with General American. On August 30, 1971, Mr. Isabell entered St. Louis City Hospital No. 1 for treatment of an illness. Upon admission to City Hospital, he assigned all his interest to hospital, medical and surgical benefits under the insurance policy to the City of St. Louis and the Institute of Medical Education and Research, Inc.[1] Mr. Isabell died while in the hospital after accruing hospital and medical expenses of $3,686.80. There is no dispute that General American is liable for the full amount of Mr. Isabell's hospital and medical expenses. However, Mrs. Isabell, in her capacity as widow of Mr. Isabell and administratrix of his estate, filed a claim for the full amount of the insurance benefits. Her contention—as well as the Hayes'—is that the assignment of insurance benefits executed by Mr. Isabell was void under § 432.-030 RSMo 1969, V.A.M.S.[2] which prohibits the assignment of future wages. Mrs. Isabell alleges that the insurance benefits are wages within the meaning of § 432.030 and that their assignment prior to the time the actual hospital and medical expenses became due, constituted an illegal assignment of future wages. We disagree.

The controlling issue of this case is whether benefits arising from hospital and medical insurance policies paid for by an employer are wages within the meaning of § 432.030. We conclude that they are not. In Missouri it has been determined that generally where an insurance policy is not a personal contract and its assignment is not expressly forbidden, the policy and the benefits thereunder may be assigned. Magers v. National Life & Accident Ins. Co., 329 S.W.2d 752 (Mo. banc 1959); Butterworth v. Missouri Valley Trust Co., 362 Mo. 123, 240 S.W.2d 676 (1951); Smith v. Taylor, 289 S.W.2d 134 (Mo.App.1956); Cornell v. Mutual Life Ins. Co. of New York, 179 Mo.App. 420, 165 S.W. 858 (1914). There is no con-

1. The City of St. Louis provides the hospital services, and the Institute of Medical Education and Research, Inc. provides the medical and surgical services for City Hospital No. 1.

2. "432.030. Assignment of wages.—All assignments of wages, salaries or earnings must be in writing with the correct date of the assignment and the amount assigned and the name or names of the party or parties owing the wages, salaries and earnings so assigned; and all assignments of wages, salaries and earnings, not earned at the time the assignment is made, shall be null and void."

tention that the health insurance policy which we consider here contains any interdiction against its assignment or the assignment of its benefits. However, there is a remarkable paucity of case law on the issue with which we are dealing.

▪ Statutes prohibiting wage assignments are an outgrowth of the philosophy that the wage earner and his family are to be protected from unscrupulous creditors and that the wage earner is to be restrained from brash and imprudent spending of hard earned income. Heller v. Lutz, 254 Mo. 704, 164 S.W. 123, 127 (1914), upheld the constitutionality of restrictions on wage assignments, emphasizing that the bar on assignments of future wages was for the protection of "the unfortunate and improvident from the unscrupulous and overreaching" and was a wholesome exercise of the State's police power. Service Purchasing Co. v. Brennan, 226 Mo.App. 110, 42 S.W.2d 39, 42 (1931), also comments that the purport of the statute barring future wage assignments was to protect wage earners against their own recklessness and from the avarice of dishonest money lenders.[3]

▪ The purpose of the insurance policy was to pay for hospital and medical expenses, and by the assignment of those benefits to respondents, the intendment of the policy has been accomplished. Denial of the assignment of the hospital and medical benefits to a hospital would frustrate the entire design for which the insurance coverage was intended. Inasmuch as the insurance benefits here have been assigned to be used for the exact purpose for which they were purchased—to provide coverage and payment for hospital and medical benefits—the purpose and philosophy behind the wage assignment prohibition of § 432.030 has no application. Benefits derived from a hospital and medical insurance policy paid for by an employer pursuant to an employ-

ment contract do not fall within the term "wages" as used in § 432.030. While premiums paid by an employer for the insurance coverage may constitute a form of compensation for work performed by an employee, such premiums are not used to provide for the day-to-day necessities of life to be purchased by a wage earner's wages. Thus, trepidation that an assignment of future wages will deprive a family of its livelihood does not exist when an employee assigns to a hospital the benefits to be received under a hospital and medical insurance policy prior to the time the actual expenses have accrued, for such assignment of benefits is not an assignment of future wages within § 432.030. The protection of the wage earner from his own folly and the rapacity of others, which is the purpose of the wage assignment proscription of § 432.030, is not at the heart of this case.

The appellant relies on W. W. Cross & Co. v. NLRB, 174 F.2d 875 (1st Cir. 1949), which held that group health and accident insurance benefits were a mandatory subject of collective bargaining. The court held that those benefits constituted "wages" within the phrase "rates of pay, wages, hours of employment, or other conditions of employment." National Labor Relations Act, § 9(a), 29 U.S.C. § 159(a) (1970). The court reasoned that since the phrase included "rates of pay," "wages" as used therein, must have been intended to encompass forms of compensation apart from rates of pay. It is evident that in holding such benefits to be wages, the court was doing so within the context of the specific statute it was construing. Both the language and purpose of the National Labor Relations Act differ from those of Missouri's wage assignment statute. "Wages" as used in the latter statute was intended to have a less inclusive meaning.

We conclude that benefits from hospital and medical insurance are not wages within

---

**3.** See also Bond v. Dentzer, 494 F.2d 302 (2nd Cir. 1974); Speilberger Bros. v. Brandes, 3 Ala.App. 590, 58 So. 75 (1912);

Downs v. American Mutual Life Ins. Co., 19 A.D.2d 376, 243 N.Y.S.2d 640 (1963); 6 Am. Jur.2d, Assignments § 49 (1963).

the meaning of § 432.030, and their assignment to the agency or agencies providing hospital, surgical or medical care before such expenses become due is not a void assignment of future wages within the meaning of § 432.030.

In view of our decision, we need not rule on the point raised by Mrs. Isabell that she was a proper representative for bringing a class action for the collection of medical benefits.

The judgment is affirmed.

SIMEONE, P. J., and McMILLIAN, J., concur.