**GREATER KANSAS CITY BAPTIST AND COMMUNITY HOSPITAL ASSOCIATION, INC., d/b/a Dr. Martin Luther King Jr. Memorial Hospital, Plaintiff-Appellant,**

v.

**BUSINESSMEN'S ASSURANCE COMPANY, Defendant-Respondent.**

No. 30393.

Missouri Court of Appeals, Western District.

June 11, 1979.

Motion for Rehearing and/or Transfer to Supreme Court Denied July 12, 1979.

Application to Transfer Denied Sept. 11, 1979.

Charles C. Shafer, Jr., George S. Murray, III, Kansas City, for plaintiff-appellant.

John C. Thurlo and Niles S. Corson, Kansas City, for defendant-respondent.

Before HIGGINS, Special Judge Presiding, SWOFFORD, C. J., and WELBORN, Special Judge.

ANDREW JACKSON HIGGINS, Special Judge.

Appeal from adverse judgment in action by hospital against insurance company for $898.24 for services rendered its insured. The question is whether there was an assignment to the hospital by the insured of health insurance benefits under a policy issued by the insurance company. The court found there was no assignment; and absent an assignment, the hospital was not the real party in interest to maintain this action. Reversed and remanded.

Will Tate was issued health policy LC4524019 by Business Men's Assurance Company, May 26, 1977. He was admitted to Martin Luther King Hospital June 14, 1977, for treatment of injuries. MLK tele-

phoned BMA June 17, 1977, for verification of benefits. BMA advised that it issued subject policy May 26, 1977; that it provided certain hospital and medical expense benefits to Will Tate, and that the policy was then in effect.

BMA received three documents from MLK July 5, 1977. One was an American Hospital Association form signed by Will Tate which recited "I HEREBY AUTHORIZE PAYMENT directly to the below named hospital of the group hospital insurance benefits specified and otherwise payable to me but not to exceed the balance due of the hospital's regular charges for this period of hospitalization. I understand I am financially responsible to the hospital for charges not covered by the authorization". Another was a lien letter dated June 30, 1977. The third was a claim for hospitalization expenses.

BMA directed a letter to Will Tate August 31, 1977, to terminate the policy as of its date of issuance for alleged "stacking" of coverages, and enclosed a refund of premium which Mr. Tate cashed.[1]

Appellant contends there was a valid assignment by Will Tate to MLK of BMA policy benefits and that MLK was the real party in interest to bring this suit. Its argument is that the quoted language constituted a valid assignment in the circumstances of this case.

Respondent, citing Texas authorities[2], takes the position that the quoted language, lacking use of "assign" or "assignment", is nothing more than an authorization to pay.

■ Missouri has the view of 6 A.C.J.S., Assignments, ¶ 49, p. 664, that "any language, however informal or poorly expressed, if it shows the intention of the owner of the property or chose in action to transfer it, clearly and unconditionally, and sufficiently identifies the subject matter will be sufficient to vest the property there-

in in the assignee". See *Halvorson v. Commerce Trust Co.*, 222 S.W. 897, 898(1) (Mo. App.1920).

■ In *Halvorson v. Commerce Trust Co.*, supra, the purported assignment "If the sale is finally concluded, you have our consent to pay over to F. B. Gillette $3,750 out of said sum [$10,000], as his commission" was attacked on the ground it was "a mere consent or direction to pay part of the funds in its possession at a future time". The court on authority of the citation from Corpus Juris held the written "consent" or "direction" was a valid assignment.

The similarity in import of the language in *Halvorson v. Commerce Trust Co.*, supra, and the present case is inescapable. MLK is not to be denied a valid assignment from Will Tate for absence of "assign" or "transfer" from the documents employed in the context of this case. The intention of all concerned is clear. MLK rendered hospital services to BMA's insured, Will Tate, secured his signature to his authority to pay the charges by his policy, and all such items were transmitted to BMA following their assurance that coverage for the services was in force under the policy.

Apropos these circumstances, it has been said, *General American Life Insurance Co. v. Isabell*, 523 S.W.2d 616, 618 (Mo.App. 1975): "Denial of the assignment of the hospital and medical benefits to a hospital would frustrate the entire design for which the insurance coverage was intended".

Reversed and remanded.

All concur.

---

1. It does not appear how this letter is germane to the question of assignment. If it is to present a question of rescission, no such issue has been yet decided.

2. *East Texas Life and Accident Insurance Co. v. Carver*, 407 S.W.2d 251 (Tex.App.1966). *Presbyterian Hospital of Dallas v. National Life and Accident Insurance Co.*, 480 S.W.2d 497 (Tex.App.1972).