Mary Jo BRINLEY, Appellant,

v.

Leslie Wayne KARNES, Respondent.

No. 41008.

Missouri Court of Appeals, Eastern District, Division Three.

Feb. 26, 1980.

David R. Browning, Hillsboro, Richard L. Huber, Div. of Family Services, Support Enforcement Unit, Jefferson City, for appellant.

Leslie Wayne Karnes, pro se.

REINHARD, Judge.

Wife appeals from an order of the circuit court dismissing her Motion for an Order Directing Husband to Make an Assignment of Wages for Child Support under Section 432.030 RSMo 1969.[1]

Husband and wife were divorced in 1968. The divorce decree ordered husband to pay wife the sum of $15.00 per week per child for each of two children. The husband was in arrears in his payments of child support and upon petition of the wife the court on February 6, 1978, ordered circuit clerk appointed as "Statutory Trustee" for the collection of child support payments under Section 452.345 RSMo Supp.1975. Subsequently, husband executed both a stipulation for entry of an order directing him to make an assignment of wages to guarantee child support and an assignment as to future wages. The assignment was subject to the trial court's approval, and wife moved for an order directing husband to make an assignment of wages for child support. At that time, the wife also filed a request for findings of fact and conclusions of law.

On the 6th day of July, 1978, the trial court dismissed wife's motion for lack of jurisdiction. The court found that the husband had voluntarily executed a Stipulation for entry of an order directing him to make an assignment of wages to guarantee child support and further that he had in fact executed an assignment subject to the approval of the court. The court further found that the husband was employed by McDonnell Douglas Aircraft Corporation and that his assigned wages were unearned wages at the time of assignment. Nonetheless, the court judicially noticed a conflict between Section 432.030 RSMo 1969 and 452.350 RSMo Supp.1975. The court stated that "the prohibitions of Section 432.030 regarding the Assignment of Wages unearned at the time of making of the Assignment apply to Assignment of Wages made under the auspice of Section 452.350 RSMo 1969"[2] and therefore concluded that "any Assignment of Unearned Wages made in compliance with Section 452.350 RSMo would be null and void."

Section 432.030 provides:

All assignments of wages, salaries or earnings must be in writing with the correct date of the assignment and the amount assigned and the name or names of the party or parties owing the wages, salaries and earnings so assigned; and all assignments of wages, salaries and earnings, not earned at the time the assignment is made, shall be null and void.

Section 452.350 provides:

The court may order the person obligated to pay support or maintenance to make an assignment of a part of his periodic earnings or other income to the person entitled to receive the payments or to the circuit clerk as trustee for such person. The assignment is binding on the employer or other payor of the funds two weeks after service upon him of notice that it has been made. The payor shall withhold from such earnings or other income the amount specified in the assign-

---

1. References are not to RSMo 1978 because the proceedings in this case were held prior to the date of that revision.

2. Since Section 452.350 became effective on January 1, 1974, the trial court must have inadvertently referred to the 1969 Compilation of the Missouri Revised Statutes instead of the 1975 Missouri Revised Statutes Supplement, the first official compilation in which the statute appeared.

ment and shall transmit the payments to the person specified in the order. Section 432.032 RSMo; or any other law or statute to the contrary notwithstanding, the payor may deduct from each payment a sum not exceeding one dollar as reimbursement for costs. An employer shall not discharge or otherwise discipline an employee as a result of a wage or salary assignment authorized by this section.[3]

Missouri recognizes the following rule which originated in an old English case:

Where there is one statute dealing with a subject in general and comprehensive terms and another dealing with a part of the same subject in a more minute and definite way, the two should be read together and harmonized, if possible, with a view to giving effect to a consistent legislative policy; but to the extent of any necessary repugnancy between them the special will prevail over the general statute. Where the special statute is later, it will be regarded as an exception to or qualification of, the prior general one.

*State ex rel. McKittrick v. Carolene Products Co.*, 346 Mo. 1049, 144 S.W.2d 153, 156 (Mo. banc 1940).

■ Here, we are faced with one statute, Section 432.030, which by its "general and comprehensive terms" prohibits the assignment of future wages and another statute, Section 432.350, which deals with a part of the same subject of assignment of future wages in a "more minute and definite way" in that it provides specifically for the assignment of future wages upon the order of the court for the purpose of enforcing an order for support and/or maintenance. We find that Section 452.350, enacted in 1973, creates an exception to Section 432.030, enacted in 1911. The legislative intent to create such an exception appears clearly within the body of Section 452.350.

■ Further, a close look at the purposes of the two statutes reveals no inconsistencies. The purposes of Section 432.030 are to "protect . . . the unfortunate and improvident from the unscrupulous and over-

reaching", *Heller v. Lutz*, 254 Mo. 704, 164 S.W. 123, 127 (Mo.1913), and "to protect wage earners against their own recklessness and from the avarice of dishonest money lenders." *General American Life Ins. Co. v. Isabell*, 523 S.W.2d 616, 618 (Mo.App.1975). Such purposes are a valid exercise of the police power of the state. *Heller v. Lutz*, 254 Mo. 704, 164 S.W. 123, 127 (Mo.1913). The purpose of Section 452.350 is to provide another tool to ensure the legal support of a child by a parent or a spouse. *See State ex rel. Stanhope v. Pratt*, 533 S.W.2d 567, 577 (Mo. banc 1976) (Bardgett, J., dissenting).

■ Finding as we do that Section 452.-350 is a specific exception to Section 432.030 and that this exception does not violate public policy, we must reverse this case. The trial court erred in concluding, as a matter of law, that Section 432.030 prohibits an assignment of future wages under Section 452.350. However, because the trial court has the discretion to issue an order regarding the assignment, we remand this cause back to the trial court for further action.

Reversed and remanded.

DOWD, P. J., and CRIST, J., concur.

---

**3.** The revisor acknowledges the apparent erroneous citation when the section refers to Section 432.032 instead of Section 432.030. We

have no problem in determining that the legislature intended to refer to Section 432.030.