Shirley M. SCHLOSS, Respondent,

v.

Melvin E. SCHLOSS, Appellant.

No. 47651.

Missouri Court of Appeals,
Eastern District,
Division Six.

Oct. 16, 1984.

Motion for Rehearing and Transfer
Denied Nov. 20, 1984.

Application to Transfer Denied
Jan. 15, 1985.

**54**

Theodore F. Schwartz, Howard Schainker, Stanford J. Carp, Clayton, for appellant.

Nancy S. Everett, Clayton, for respondent.

CRIST, Judge.

This is an appeal from a consolidated action for judgment of maintenance due and owing, wage assignment to cover all arrearages and future obligations, and an order of contempt against appellant (husband) of the circuit court order of February 5, 1974, granting a decree of dissolution.

The trial court granted summary judgment for past due maintenance with interest, ordered husband to execute an assignment of income, and adjudged husband guilty of contempt in failing to comply with the dissolution decree. We affirm.

On February 5, 1974, a dissolution decree was granted. The decree ordered husband and wife to perform the terms of their separation agreement, which was made a part of the decree. The separation agreement provided for the payment by husband of $800 per month as and for contractual maintenance until wife remarried. It also required husband to keep in force a life insurance policy and health insurance policy in favor of wife for as long as wife remains unmarried.

In July, 1979, husband stopped payment of maintenance to wife and stopped maintaining health and life insurance for her benefit. Wife testified she shared a residence with an unrelated, adult male, along with other adults, during the preceding six years. She had nonexclusive social and sexual relations with the male. She was not supported in any way by the male and did not perform household duties for him. She owned real estate with the male under written partnership agreements. The trial court found wife did not in fact cohabit or reside as husband and wife with any unrelated adult male.

█ Husband asserts wife cannot bring an action on the judgment because maintenance provision was contractual and not decretal. However, the parties did not expressly agree that maintenance terms were not to be incorporated into the decree. Section 452.325 RSMo 1978. Therefore, husband's maintenance obligation is an enforceable part of the decree. *Bryson v. Bryson*, 624 S.W.2d 92, 95 (Mo.App.1981).

█ Husband asserts that wife's 6½ year cohabitation with another man relieves him of his financial obligations to her. The separation agreement provided for $800 per month maintenance, unmodifiable until wife remarried. Wife did not remarry. Section 452.325(6) RSMo 1978, and see Sections 452.370 and 452.075.

█ Finally, husband proffers error in the court's ordering a wage assignment pursuant to § 452.350 RSMo 1976. Husband asserts this order (1) was contrary to the express agreement of the parties, modifying the contractual maintenance provision of the separation agreement; (2) subjected husband to increased pecuniary punishment to which he was not previously subjected under the Separation Agreement and under § 432.030 RSMo 1969, which prohibits the assignment of future wages; and (3) violated his constitutional rights.

Section 452.350 merely prompts timely payment of maintenance. It is meant as a

means of enforcement. The statute has been held to be a valid exception to Section 432.030. *Brinley v. Karnes,* 595 S.W.2d 465 (Mo.App.1980). Section 452.350 is a tool for collection of maintenance in keeping with the dictates of *Bryson, supra.*

Judgment affirmed.

REINHARD, C.J., and KAROHL, J., concur.