### In re Robert Scott CARAWAY and Rose-Marie Lillian Cornelia Joan Singleton Caraway.

### Nathan H. MANN, Trustee, Plaintiff,

### v.

### The NEW MEXICO MEDICAL FOUNDATION and The Board of Regents of the University of New Mexico, Defendants.

Bankruptcy No. 7–85–00658 R A.

Adv. No. 86–0024 R.

United States Bankruptcy Court, D. New Mexico.

July 7, 1986.

Thomas E. Jones, for debtor.

Edward Chavez, for NM Medical Foundation and Bd. of Regents of the UNM.

Nathan Mann, for trustee.

## MEMORANDUM OPINION

STEWART ROSE, Bankruptcy Judge.

This adversary proceeding was brought by the trustee to recover preferences pursuant to 11 U.S.C. 547. At the pre-trial conference, the parties agreed that there was no material dispute as to the facts and therefore submitted memorandum briefs in support of their respective positions.

The defendants are medical providers. The debtor, Mrs. Caraway, received medical and hospitalization services from the defendants. At the time of the services, she was covered by a medical and hospitalization insurance policy and executed the following document:

> I hereby authorize payment directly to the [medical providers] of the medical-hospital insurance benefits otherwise payable to me but not to exceed the balance of the [medical providers'] regular charges for this period of hospitalization or treatment.

The defendants were eventually paid in excess of $13,000 but the payments occurred within the 90-day preference period, § 547(b)(4)(A).

The plaintiff-trustee contends that the document executed by the debtor was not effective as an assignment of insurance benefits; consequently, payments from the insurance company to the hospital were preferential transfers of property of the estate and may thus be recovered from the medical providers. On the other hand the defendants claim the document in question was effective as an assignment; thus even though payments were made within the preference period, there was a relation back to the date the assignment was executed, which was outside the ninety days.

In briefs submitted to this Court on the issue of whether "authorization of payment" constitutes an assignment, both parties quoted authority holding this language may or may not be an assignment, depending on the specific facts in the case.[1] However, after reviewing the briefs and § 547, this Court is of the opinion that the question of whether the "authorization" language is an assignment is not the operative issue.

Preference litigation is for the purpose of recovering for the estate a transfer made by or on behalf of the debtor to a

1. *Benton v. Albuquerque National Bank* 103 N.M. 5, 701 P.2d 1025 (Ct.App.1985), considered the question of the validity of an assignment of a partnership interest. The court held the specific language in question must evidence an intent on the part of the maker to effectuate an assignment of some interest in property. In *Kelly Health Care, Inc. v. The Prudential Ins. Co. of America, Inc.*, 226 Va. 376, 309 S.E.2d 305 (1983), the issue raised was whether a health care provider was an assignee and thus entitled to recover against the insurer. The majority held an assignment is a transfer, but a transfer is not necessarily an assignment. If the transfer is less than absolute it does not constitute an assignment. To effect an assignment the obligee must have intended, at the time of the transfer, to dispossess himself of an identifiable interest. *Central Collection v. Columbia Medical*, 300 Md. 318, 478 A.2d 303 (Ct.App.1984), considered whether the language in a hospital registration form constituted an assignment even though the form did not contain the words "assign", "assignment" or "transfer". The court held the language in the form would lead the reasonable person in the position of the parties to believe the health provider obtained an independent right to recover. In *Greater Kansas City Baptist and Community Hospital Ass'n. v. Businessmen's Assurance*, 585 S.W.2d 118 (Mo. App.1979), the question raised was whether there was an assignment to the hospital by the insured of health insurance benefits. The court held that the health provider would not be denied a valid assignment simply because the words "assign" or "transfer" were not used and that where the facts indicate the clear intention of the parties to assign the right, such an assignment is valid. *In re Moskowitz*, 13 B.R. 357 (Bankr.S.D.N.Y.1981), was commenced to recover a preferential transfer voidable under § 547. After discussing the definitions of "transfer" and "property of the estate", the court concluded that the proceeds paid over resulted in a diminution of the estate and that absent any words of assignment or designation of payment to the health provider, a cause of action did arise

under § 547. However, the court did not consider the question of what words would be necessary to constitute such an assignment or designation of payment. In *Cutting v. Mullaney*, 191 Iowa 800, 181 N.W. 466 (1921), a case concerning the assignment of a judgment, the court held that an agreement simply authorizing the plaintiff to receive any and all money paid is not in the form of an assignment. Mere authority to receive money from the obligee did not entitle plaintiff to retain the monies received. In *State Farm Mutual Ins. Co. v. St. Joseph's Hospital*, 107 Ariz. 498, 489 P.2d 837 (1971), an appeal arising from a tortious interference with contract action, the court held that the language in question did not constitute an assignment. The agreement did not create an interest in the property that rose to the level of an assignment. However, the fact that an assignment was not created did not mean the health providers had no interest in the lawsuit. They were prejudiced by the wrongful interference by the defendants, which in the normal course of affairs would have led to a settlement and collection of funds in favor of the health providers. *General Life Insurance Co. v. Isabell*, 523 S.W.2d 616 (Mo.App.1975), arose out of an interpleader action brought by the plaintiff seeking a declaratory judgment to determine the rights of the claimants to certain medical/hospital benefits. The controlling issue was whether the benefits were wages within the scope of a state statute and thus not capable of being assigned. The court stated that denial of the assignment would "frustrate the entire design for which the insurance coverage was intended." 523 S.W.2d at 618. *S & W Trucks, Inc. v. Nelson Auction Services, Inc.*, 80 N.M. 423, 457 P.2d 220 (Ct.App. 1969), was a conversion action based upon an alleged wrongful distribution of the proceeds of an auction. The court ruled that while the language of an assignment may be informal, the language must show an intention on the part of the transferor to transfer the right or interest. The court held the language in a series of letters was insufficient to indicate such an intention.

creditor. However, certain transfers are immune from the trustee's power to avoid even though they occur within the otherwise applicable preference period. Section 547(c) lists seven exceptions to the trustee's power to avoid preferential transfers. Subsection (2) appears to be controlling in this case.

Paraphrased, § 547(c)(2) states a transfer may not be avoided to the extent it was for debt incurred in the ordinary course of business or financial affairs of the debtor and the transferee, made in the ordinary course of business and made according to ordinary business terms. The facts in the case disclose the debt was incurred in just this manner. A person seeking medical treatment and who is covered by an insurance policy was asked to execute the standard form "authorization of payment"; the services were provided; and the bill was sent to the insurance company which, in the normal course of business, sent the medical provider a check. The transaction clearly arose in the ordinary course of business, and thus may not be avoided by the trustee.

Even if the ordinary course of business exception did not apply in this case, the medical provider would still have prevailed. As noted above, preference litigation is for the purpose of recovering transfers that occur during the applicable preference periods. Section 101(48) defines a transfer as "every mode, direct or indirect, absolute or conditional, voluntary or involuntary, of disposing of or parting with property or *with an interest in property*" (emphasis added). Consequently, whether the authorization of payment language rises to the level of an assignment is not controlling. Rather the issue is whether this language effectuated a transfer.

Within the broad definition of transfer, there is no doubt that the words "I hereby authorize payment ..." are a transfer. Since an insurance policy is property and proceeds thereof are property, the right to direct receipt of payment of those proceeds is certainly an interest in property, although not necessarily a full-fledged assignment of a property interest. It is, therefore, a transfer of an interest in property. Based upon the proposition that the "assignment of payment" is a transfer occurring when the writing is executed, it is obvious that one of the criteria for avoidance of the transfer does not exist, namely that the transfer was for and on account of an antecedent debt, § 547(b)(2). As a result of this analysis, the trustee would not prevail because the transfer took place outside the 90-day preference period.

Based on the preceeding analysis the trustee's preference argument fails on both grounds. Plaintiff-trustee's complaint will be dismissed. An appropriate order should be drafted and submitted within ten days by prevailing counsel.