Wayman F. SMITH, III, Edward M. Roth, Mark W. Smith, Leslie F. Bond, Sr., M.D., and Clarence Harmon, composing the Board of Police Commissioners of the City of St. Louis, Plaintiffs/Respondents,

v.

Craig KRISKA, Defendant/Appellant.

No. ED 82062.

Missouri Court of Appeals, Eastern District, Division Two.

Aug. 26, 2003.

Richard L. Swatek, St. Louis, MO, for appellant.

Patricia A. Hageman, Judith A. Ronzio, City Counselor, St. Louis, MO, for respondents.

KATHIANNE KNAUP CRANE, Judge.

Defendant, a former St. Louis police officer, appeals from the judgment entered in a court-tried case in which the court found defendant had breached his employment contract with plaintiffs, members of the police board, and awarded plaintiffs $4,253.40, plus interest and costs. On appeal defendant contends that the contract was void and unenforceable. We affirm.

Defendant, Craig Kriska, began training at the St. Louis Police Academy on October 24, 1994. On October 25, 1994, he signed the Police Training Agreement (the Agreement) with plaintiffs, who composed the Board of Police Commissioners (the Board). Paragraph three of the Agreement required that defendant reimburse the Board for training costs if he resigned his employment within forty-eight months after completing training and accepted other law enforcement employment within one year, as follows:

The Officer agrees that if he should resign his employment as a police officer for the Board at any time within forty-eight (48) months after the completion of said training program, and should accept employment within one (1) year from the date of such resignation with any other law enforcement agency, then he shall reimburse the Board the amount expended by the Board in connection with said training costs and fees. Specifically, he shall reimburse the Board in an amount equal to the sum of said training costs and salary payments divided by forty-eight (48), then multiplied by the number of months less than for-

ty-eight (48) which the employee has served the Board as a Police Officer.

In paragraph 4 of the Agreement, defendant also agreed "that any amount to be so reimbursed, or any portion of said amount, may be deducted and retained by the Board from any compensation or other monies owing by the Board to the Officer at the time of the Officer's resignation."

The Agreement was signed by defendant and by Kurt G. Delabar "For the Board of Police Commissioners." The Agreement also contained the following material at the bottom of the signature page:

Date Training Commenced: 10/24/94

Date Training Completed: 02/21/95

Total Amount Expended by the Board: $10,995.04

(The above data shall be computed by the Board based upon the rates established by the St. Louis Police Academy and the applicable statutory compensation rate in effect during the Officer's training period.)

Defendant completed his training on February 21, 1995. Defendant left the St. Louis Metropolitan Police Department (the Department) on October 31, 1996, 20 months after he completed training, and accepted a position with another law enforcement agency within one year.

The Board filed a petition to recover $4,253.40 as reimbursement for training expenditures pursuant to the Agreement. After a jury-waived trial, the court entered a judgment in favor of the Board in the amount of $4,253.40, plus interest and costs.

Appellate review of civil court-tried cases is governed by *Murphy v. Carron*, 536 S.W.2d 30 (Mo.1976) and Rule 84.13(d). We will affirm judgment of the trial court unless there is no substantial evidence to

support it, it is against the weight of the evidence, it erroneously declares the law, or it misapplies the law. *Murphy,* 536 S.W.2d at 32. We accept the evidence and inferences favorable to the prevailing party and disregard all contrary evidence. *Mullenix–St. Charles Props. v. St. Charles,* 983 S.W.2d 550, 555 (Mo.App. 1998).

■ For his first point defendant asserts that the trial court erred in entering judgment in the Board's favor because the Agreement was void *ab initio* in that paragraph 4 of the Agreement was an assignment of future wages that failed to comply with section 432.030 RSMo (1994). Defendant raised this issue in the trial court by way of an affirmative defense. Section 432.030 provides:

> All assignments of wages, salaries or earnings must be in writing with the correct date of the assignment and the amount assigned and the name or names of the party or parties owing the wages, salaries and earnings so assigned; and all assignments of wages, salaries and earnings, not earned at the time the assignment is made, shall be null and void.

The trial court found that paragraph four did "not constitute an assignment of future wages and therefore the statute was not violated."

An assignment is "[t]he transfer of rights or property." BLACK'S LAW DICTIONARY 118 (7th ed.1999). An assignment of wages is "[a] transfer of the right to collect wages from the wage earner to a creditor." *Id.* The purpose of Section 432.030 is to protect wage earners from their own recklessness and the greed of dishonest money lenders. *Schaffer v. Board of Educ. of St. Louis,* 869 S.W.2d 163, 168 (Mo.App.1993); *Brinley v. Karnes,* 595 S.W.2d 465, 467 (Mo.App.1980). The policy behind section 432.030 is inapplicable to wage withholding

by employers required by law or contract. *Schaffer,* 869 S.W.2d at 169. Employer wage withholding mandated by an agreement giving an employer the right to withhold money from an employee's final paycheck is not an assignment of wages within the meaning of section 432.030. *Id.* Point one is denied.

■ For his second point defendant asserts that the trial court erred in entering judgment in the Board's favor because the Board failed to produce evidence that Mr. Delabar, who signed the contract on behalf of the Board, was authorized to do so, or was the Board's lawful agent. Defendant asserted as an affirmative defense that the Agreement was not signed by the Board or by the Board's lawful agent.

Defendant, as the proponent of the affirmative defense, had the burden of proof. *Warren v. Paragon Technologies Group,* 950 S.W.2d 844, 846 (Mo. banc 1997); *Clayton Center Assoc. v. W.R. Grace & Co.,* 861 S.W.2d 686, 690 (Mo. App. E.D.1993). Defendant called Joseph Miklovic, the former chief fiscal officer of the department, to testify. Mr. Miklovic testified that Mr. Delabar was Assistant Director of Personnel at the St. Louis Metropolitan Police Department during the years 1994–1998, that Mr. Delabar had discussed the Agreements with him, and, when he saw the Agreements, they were signed. Defendant argues that he established his affirmative defense because Mr. Miklovic testified that he was unaware that Mr. Delabar had authority to sign contracts on behalf of the Board unless there was a Board letter delegating responsibility to Mr. Delabar to sign contracts on behalf of the Board, and that he would have received a copy of that letter if it had been issued. The trial court found that defendant's evidence was insufficient to convince it that Mr. Delabar did not

have authority to enter into the Agreement on behalf of the Board.

■ Mr. Delabar signed the Agreement on behalf of the Board and the Board sought to enforce the Agreement. If "it appears that an agent has done an act for the benefit of his principal and the principal has not questioned the authority of the agent to bind him, it will be presumed, until the contrary appears, that the agent was duly authorized." *Nickles v. Auntie Margaret Daycare Corp.*, 829 S.W.2d 614, 617 (Mo.App.1992). We give due deference to the trial court on questions pertaining to the credibility of witnesses and the weight given to their testimony. *Black v. Adrian*, 80 S.W.3d 909, 911 (Mo.App. 2002). The trial court's finding that defendant did not satisfy his burden of showing that Mr. Delabar was not authorized is supported by substantial evidence and does not misapply the law. Point two is denied.

■ For his third point defendant asserts that the trial court erred in entering judgment in plaintiff's favor because the contract was so vague as to be unenforceable in that the amount to be reimbursed was not determined or present on the face of the contract when it was signed by defendant. Defendant asserted as an affirmative defense that the Agreement was indefinite and unenforceable because it did not indicate how training costs would be determined.

The Agreement required defendant to repay the applicable percentage of the total cost of training, which included salary payments. As entered into evidence, the Agreement showed the "Total Amount Expended by the Board" to be $10,995.04. Although defendant called witnesses who testified that the amount was not on the Agreement when it was presented to the recruits to be signed, the Board called its director of human resources and its assis-

tant director of human resources, both of whom testified that the amount was on the Agreement when it was given to recruits to sign. The trial court found that the dollar amount for the training, $10,995.04, appeared on the contract and was also referenced on the Power of Attorney referred to in the Agreement and signed by defendant on the same day that he signed the Agreement. The trial court concluded that it was clear that the parties had agreed to a specific amount "as the total costs of training, including salary, which would be subject to reimbursement."

The trial court was entitled to resolve conflicts in the evidence. *Bell v. Lafont Auto Sales*, 85 S.W.3d 50, 54 (Mo.App. E.D.2002). As previously stated, we defer to the trial court's determinations on credibility and weight of the evidence. *Black*, 80 S.W.3d at 911. The trial court was free to believe the testimony of the director and assistant director of human resources that the dollar amount was on the Agreement when given to the recruits and to disregard the contrary testimony of other witnesses. The testimony of the Board's witnesses constituted substantial evidence that supported the trial court's findings. The Agreement required defendant to repay the applicable percentage of the total cost of training, which included salary payments. Point three is denied.

■ For his fourth point defendant asserts that the trial court erred in entering judgment in the Board's favor because the contract was one of adhesion and was unconscionable. Specifically, defendant argues that no meaningful negotiations took place because of the disparity in the bargaining power between the parties and the presentation of the contract on a take it or leave it basis. As one of his affirmative defenses, defendant asserted that the terms of the Agreement were not open to

negotiation and he was told he could not complete training if he did not sign.

■ An adhesion contract is a "form contract created and imposed by a stronger party upon a weaker party on a 'take this or nothing basis,' the terms of which unexpectedly or unconscionably limit the obligations of the drafting party." *Hartland Computer v. Insurance Man, Inc.*, 770 S.W.2d 525, 527 (Mo.App.1989). Standard form contracts are not viewed by courts as inherently sinister or automatically unenforceable, rather they are a natural part of a mass production and mass consumer society. *Id.* The provisions of a standard form contract are not unenforceable unless they fail to comport with reasonable expectations and are unconscionably unfair. *Id.*

■ Under common law, an unconscionable contract is one "such as no man in his senses and not under delusion would make, on the one hand, and as no honest and fair man would accept on the other". *Liberty Financial Management v. Beneficial Data*, 670 S.W.2d 40, 49 (Mo.App. 1984). Unconscionable is defined as " 'an inequality so strong, gross, and manifest that it must be impossible to state it to one with common sense without producing an exclamation at the inequality of it.' " *State Dept. Soc. Ser. v. Brookside Nursing*, 50 S.W.3d 273, 277 (Mo. banc 2001)(quoting RESTATEMENT (SECOND) OF CONTRACTS section 153 (1981)).

The trial court did not misapply the law in finding the Agreement not to be an adhesion contract. Although the Agreement was a prerequisite to employment, that fact did not force defendant to accept and execute it; defendant had the option of foregoing the employment if the terms of the Agreement were not satisfactory. *Whelan Sec. Co., Inc. v. Allen*, 26 S.W.3d 592, 596 (Mo.App.2000); *USA Chem., Inc. v. Lewis*, 557 S.W.2d 15, 24 (Mo.App.1977).

Because defendant had the option of seeking employment elsewhere, the relative bargaining power of the Board does not make the Agreement an adhesion contract or unconscionable. *Adrian N. Baker & Co. v. Demartino*, 733 S.W.2d 14, 18–19 (Mo.App.1987). Defendant was provided training at no cost to himself, while he received a salary, in exchange for a commitment to work for the Department for four years after the conclusion of training, or, if he chose to leave the Department earlier, to reimburse the training costs on a pro-rata basis. These terms did not demonstrate a strong, gross, and manifest inequality. Point four is denied.

The judgment of the trial court is affirmed.

GLENN A. NORTON, P.J. and MARY K. HOFF, J. concur.