Ruth MURPHY, Appellant,

v.

Ray Hunt SHELBY, and Margaret J. Aylward, Executrix of the Estate of George V. Aylward, Deceased, Appellees.

No. 18134.

United States Court of Appeals
Eighth Circuit.

Dec. 8, 1965.

J. K. Owens, Kansas City, Mo., made argument for appellant and filed brief.

Leo L. (Pat) McCormick, of Downey, Sullivan & McCormick, Kansas City, Mo., filed typewritten brief for appellee Ray Hunt Shelby.

George T. O'Laughlin, Kansas City, Mo., filed typewritten brief for appellee Margaret J. Aylward, Executrix, etc.

Leo L. (Pat) McCormick, Kansas City, Mo., made argument on behalf of all appellees.

Before VAN OOSTERHOUT, MATTHES and MEHAFFY, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

Defendant Ruth Murphy appeals from final judgment determining plaintiff Shelby and defendants Murphy and Margaret J. Aylward, Executrix of the Estate of George V. Aylward, Deceased, are each owners of a one-third interest in the real estate described in plaintiff's complaint and directing partition of such real estate by sale and the division of the proceeds equally to the three parties hereto after providing for payment of the costs and sale expenses.

Plaintiff and defendant Aylward have each moved the court to dismiss this appeal upon the ground that the records and briefs were not filed within the period required by our rules and that the records and briefs do not conform to our rules. Appellant Murphy has failed to substantially comply with our rules in the respects stated. We would be warranted in dismissing the appeal. Our rules, which are designed to facilitate the orderly and expeditious presentation and disposition of appeals, must be observed. With considerable reluctance and with no intention of setting precedent in this regard, we have overruled the motions for dismissal and elected to consider the appeal upon its merits.

As grounds for reversal, appellant makes the following points:

I. The parties should be realigned and when this is done, diversity jurisdiction is lacking.

II. The court erred in not providing a jury trial.

III. Partition will not lie as plaintiff has neither legal title nor possession of the real estate.

IV. The trial court's findings are erroneous and not supported by substantial evidence.

Such asserted errors will be considered in the order stated.

I.

■ Appellant urges that this court is without jurisdiction. While this issue is not raised in the trial court, this court is required to satisfy itself of its jurisdiction and that of the trial court and to dismiss where jurisdiction is lacking. Vorachek v. United States, 8 Cir., 337. F.2d 797, 798.

Jurisdiction here is based upon diversity of citizenship. The jurisdictional amount is established. Plaintiff is a citizen of the state of Kansas and the other parties hereto are citizens of the state of Missouri. Appellant, citing Dryden v. Dryden, 8 Cir., 265 F.2d 870, urges that the defendant Aylward should be realigned as a party plaintiff. If appellant is correct in such contention, diversity jurisdiction would fail and a dismissal for want of jurisdiction would be required. We reject appellant's contention that a realignment of the parties is here compelled.

■ In Dryden, we held that the designation of the parties as plaintiff or defendant in the pleadings is not controlling. We quoted and followed the standards for alignment set forth in City of Indianapolis v. Chase National Bank, 314 U.S. 63, 69–70, 62 S.Ct. 15, 86 L.Ed. 47, and determined with respect to Count I that the interest of the defendant David Dryden was identical with that of his brother, the plaintiff William J. Dryden, and that such interests arose from the same source and that each was seeking as against the other defendants to establish their rights arising out of the same constructive trust.

■ In our present case, plaintiff and the defendant Aylward are seeking recovery based upon separate and distinct transactions allegedly entered into with the appellant Murphy. It is undisputed that the plaintiff paid the vendor $2,000 of the $6,000 ultimate purchase price of the land in controversy. There is substantial evidence to support the plaintiff's claim that he is the beneficial owner of a one-third interest in the real estate. The basis of the Aylward claim is

less clear due at least in part to the inadequacy of the printed record, but it would appear that defendant Aylward's interest is based upon alleged legal services performed for appellant. In defense thereto, appellant asserted that Aylward had been fully compensated for his services. Aylward's rights grew out of a transaction between him and Mrs. Murphy which was separate and distinct from the transaction between plaintiff and Mrs. Murphy, and was subsequent to such transaction. Plaintiff had no part in any arrangement entered into between Aylward and Mrs. Murphy. Plaintiff, when questioned about Aylward's interest, testified, "I don't want to project myself into any question about Aylward having paid anything whatsoever into this property." Aylward, because of the claim made of an interest in the real estate, was a necessary party to this action. It is clear from plaintiff's pleadings and the evidence that plaintiff was primarily seeking to establish his own one-third interest in the real estate and his right to partition. Plaintiff in his original complaint made Mrs. Murphy the sole defendant. Subsequently by amendment, he brought in the defendant Aylward asserting that she was claiming a one-third interest in the real estate.

Moreover, appellant Murphy asserted different defenses to the plaintiff's claim and the Aylward claim. With respect to plaintiff's claim, appellant attempted to introduce in evidence an alleged settlement agreement which the court rejected upon the grounds that plaintiff's signature thereto was not genuine. The defense against Aylward was based largely upon the contention that he had been fully paid in cash for any legal services that he had rendered.

In Dryden, pp. 874–875 of 265 F.2d, we recognized that jurisdiction might exist with respect to Counts III and IV of the partition action. We cited and quoted from 68 C.J.S. Partition § 20 and Franz v. Franz, 8 Cir., 15 F.2d 797, 800–801, and noted that each owner has a separate interest in establishing the fact and extent of his title and in securing his separate share of the estate. We observed that frequently in partition actions no dispute exists as to the interest of the parties and that the object of the suit is to end the tenancy in common through partition, and that in such an action, some one must be plaintiff and some one defendant.

We hold that under the pleadings and the facts here presented, a realignment of the parties is not compelled. Consequently, jurisdiction based upon diversity of citizenship is established.

II.

Appellant's contention that error was committed in not giving her a jury trial can be quickly answered. The record is barren of any showing of a demand or request for a jury trial. Rule 38, F.R.Civ.P., provides the mechanics for obtaining a jury trial. Subdivision (d) reads: "The failure of a party to serve a demand as required by this rule and to file it as required by Rule 5(d) constitutes a waiver by him of trial by jury. * * *"

The appellant, by failing to demand a jury trial, has waived any right thereto. United States v. Moore, 340 U.S. 616, 621, 71 S.Ct. 524, 95 L.Ed. 582. We do not reach the question of whether a jury trial would be available in an action such as this if proper demand had been made.

III.

The fact that plaintiff had neither legal title nor possession of the real estate constitutes no bar to this action. Missouri law is controlling in this suit. The Supreme Court of Missouri holds that a court of equity may establish the interest of one claiming an equitable interest and may then proceed after determining the interest to order partition. Davies v. Keiser, 297 Mo. 1, 246 S.W. 897, 902; see 68 C.J.S. Partition § 39 a(2), p. 57. The fact that one claiming equitable title is out of possession is not a bar to a partition action. Schowe

v. Kallmeyer, 323 Mo. 899, 20 S.W.2d 26, 31.

## IV.

Appellant asserts that since this is an appeal in an equitable action, this court should try the case de novo upon the record. It is established beyond question that appeals from findings of fact made by the trial court sitting without a jury are to be reviewed in equity appeals as well as in law appeals by the standards set forth in Rule 52(a) of the Rules of Civil Procedure. The rule is broad and by its terms clearly covers fact findings by the trial court in all actions tried to the court without a jury. See 5 Moore F. P.2d ¶ 52.03.

In Indemnity Ins. Co. v. Pioneer Valley Savings Bank, 8 Cir., 343 F.2d 634, 644, we stated:

"Moreover, in appellate review of a decree in equity, and similarly of a judgment in an action at law tried by the court upon waiver of jury trial, the prevailing party is entitled both to the acceptance by the reviewing court of that view of the evidence which is most favorable to such prevailing party, and likewise to the benefit of all favorable inferences which may reasonably be drawn from the facts proved, and if, when so viewed, there be substantial evidence to sustain the findings of the trial judge, then the judgment may not be reversed by the appellate court, unless it be against the clear weight of the evidence, or unless it be influenced by an erroneous view of the law. (Supporting authorities omitted.)"

The burden is upon the appellant to show that the court's findings of fact upon which its judgment is based are clearly erroneous. No contention is made in brief that the court's decision is based upon any erroneous view of the law. Our examination of the record satisfies us that the court's findings are based upon substantial evidence.

The judgment appealed from is affirmed.