**Dorothy F. Grace SCHWARBERG, Plaintiff-Respondent,**

v.

**Kenneth GRACE, Defendant-Appellant.**

**No. 36111.**

Missouri Court of Appeals,
St. Louis District,
Division Four.

July 22, 1975.

Rendlen & Rendlen, Clifford H. Ahrens, Douglas F. Browne, Hannibal, for defendant-appellant.

Wasinger & Parham, Marion F. Wasinger, Austin Parham, Hannibal, for plaintiff-respondent.

NORWIN D. HOUSER, Special Judge.

Dorothy Grace Schwarberg, divorced wife of Kenneth Grace, brought an action against him to partition the marital dwelling house property in Hannibal, alleging that during the marriage they were seized of the property as tenants by the entirety; that following the divorce they became tenants in common; that each is entitled to a one-half share and that the property cannot be divided in kind. Petitioner prayed that the property be sold and the proceeds divided between the parties. Defendant filed a general denial. Following a trial to the court without a jury the circuit court decreed partition, finding that petitioner owns a $^3/_7$ interest; that defendant owns a $^4/_7$ interest; that the property cannot be partitioned in kind, and ordered it sold and the proceeds divided according to the interests of the parties after payment of costs and expenses. Defendant appealed.

The common source of title is Charlotte E. Grace, widow of Joseph M. Grace, Deceased. Petitioner called defendant to the stand and by him proved the following facts: Ten children, including defendant, were born of the marriage of Joseph and Charlotte Grace. Joseph died April 5, 1927. Charlotte died May 16, 1942. The other nine children were Carl, Charles, Frank, George, Josephine, John, Mary, Richard and Wilbert. Carl died May 28, 1931, single, without descendants. On February 26, 1946 George, Charles, Josephine, John and Wilbert, and their respective spouses, joined with Wayne Henry, surviving spouse of Mary, then deceased, in a warranty deed conveying the property in question to Kenneth and Dorothy Grace—the parties to this partition suit. Kenneth and Dorothy Grace obtained the interests of the minor children of Mary and Wayne Henry by a guardian's deed dated August 14, 1946. Petitioner testified that Frank and Richard died prior to the marriage of petitioner and defendant

on April 22, 1941; that Richard died without children, leaving surviving a widow, Mary Frances, who later married a man named Bier and is presently residing in Buffalo, New York.

Defendant assigns error in decreeing partition. He contends that petitioner failed to prove whether Charlotte, the common source of title, died testate or intestate. She was shown to have died on May 16, 1942 and in the absence of evidence to the contrary a person shown to be dead is presumed to have died intestate. 23 Am. Jur.2d Descent and distribution § 51; 26A C.J.S. Descent & Distribution § 2, p. 519.

Defendant complains of failure to plead and prove "as to a determination or decree of heirship with respect to Charlotte * * *," but "[t]he presumption is that the land descended to the heirs of the common source on [her] death, and, when such heirs show heirship, title is prima facie complete." 68 C.J.S. Partition § 101 a., p. 161.

Defendant objects that Mary Frances Grace Bier, widow of Richard, "was a dower claimant and a necessary party" and that the court erred in decreeing partition without Mrs. Bier having been made a party to this action under Rule 96.06, which provides that every person having an interest in the premises shall be made a party to the action. Defendant asserts that under § 469.010, RSMo 1949 the widow of Richard "had a dower interest in a third part of all her husband's lands"; that under § 469.250, RSMo 1949 the widow had the right to sue for the assignment of dower in the county wherein the real estate was situate; that petitioner failed to introduce evidence from the records of the local court establishing that no such action had been commenced within the period of limitations, and therefore petitioner failed to account for her outstanding dower interest; that Mrs. Bier is a necessary party to this action. This contention fails. Mrs. Bier is neither a necessary nor a proper party to this action. Richard's widow had no dower right because Richard was never "seized of an estate of inheritance [in this property], at any time during the marriage," as required by § 469.010, supra. Richard died before the death of his mother and therefore never inherited any interest in the premises. "Dower depends upon the character of the seisin of the husband; that is, a beneficial seisin of lands in the husband, * * * of an estate of inheritance during coverture." Resch v. Rowland, 257 S.W.2d 621, 624[1] (Mo.1953).

Defendant makes the further point, which must be sustained, that petitioner failed to plead or prove whether Frank left descendants surviving him. Since he died before the death of his mother, Charlotte, the common source of title, Frank never inherited an interest in this property. It is therefore immaterial whether Frank left a wife surviving him. See the next preceding paragraph. It is a matter of vital interest, however, whether Frank left descendants surviving him who were alive and in being at the date of the death of Charlotte, the common source of title, on May 16, 1942. We have searched the record in vain for evidence on this point. The unknown heirs, grantees and successors of Frank were not named as parties to this action. The circuit court, without any evidence on the question, apparently proceeded upon the assumption that Frank died without issue. Upon the death of Charlotte the property descended to her children, or their heirs. Frank was her child. If before her death Frank died intestate, leaving no surviving issue, his interest would not be counted in ascertaining the interests of the surviving heirs, but if Frank died intestate, leaving issue who survived the death of Charlotte, such issue would take his share.

The burden of proof in a partition action rests upon the party or parties bringing the action, to establish the title claimed. Tillman v. Melton, 350 Mo. 155, 165 S.W.2d 684, 687[5] (1942); 68 C.J.S. Partition § 101 b. (1), p. 162. When, as here, petitioner's claim of title derives by descent it is incum-

bent upon petitioner to establish heirship, trace the line of descent through each of the heirs, and account for all outstanding inheritable interests. Except for possible heirs of Frank, petitioner has met this burden with respect to all outstanding interests. Thus, the record shows that defendant inherited and owns one interest in his own right as an heir. He and petitioner acquired the interests of six other heirs by virtue of the two deeds in evidence. The interests of Carl and Richard were accounted for by testimony that they died without surviving children, prior to the death of Charlotte. The name of Frank, however, is present in this record but unaccounted for. Whether Frank had heirs who have a present interest cannot be ascertained from this record. There is no presumption that Frank died without issue. *Johnson v. Johnson,* 170 Mo. 34, 70 S.W. 241, 247–248 (1902). Without proof foreclosing the possibility of an outstanding interest in heirs of Frank petitioner has not fully met her burden. Without such proof partition would be only partial and defective; would constitute a cloud on the title to the real estate, deter bidders at a partition sale and keep the sale from being free and open. *Harper v. Hudgings,* 211 S.W. 63, 65 (Mo.1919). All persons having an interest in the property must be made parties to the proceeding. *Billinger v. Jost,* 510 S.W.2d 57 (Mo.App. 1974); Rule 96.06.

Except for this defect the judgment and decree of partition is proper in all respects. There was no error in denying defendant's offer of proof that during the continuance of the marriage he made substantial and material improvements on the property, at his own cost and expense, for which he asks an allowance out of the proceeds of the sale. During coverture improvements on the marital dwelling are presumed to have been a gift upon the part of the husband, based upon mutual love and affection. *Hosford v. Hosford,* 273 App. Div. 659, 80 N.Y.S.2d 306 (1948).

For failure of proof with respect to the potential heirs of Frank the judgment and decree is reversed and the cause remanded with directions as follows: The case shall not be retried on the merits initially on this remand. The only immediate issue on remand will be whether Frank died without issue surviving him. If the finding is in the affirmative on this limited issue the court shall reenter the original judgment. If the finding is in the negative or is inconclusive on this issue the court shall give petitioner an opportunity and time to file an amended petition joining as defendants the heirs of Frank, if known, and the unknown heirs, grantees or successors of Frank, if unknown; to secure service upon them by publication, and to proceed in accordance with Rule 54.17. Only then and in that event shall the case be retried on the merits.

SMITH, C. J., and ALDEN A. STOCKARD, Special Judge, concur.