**Lavern STOUT, Appellant,**

v.

**Vernis STOUT, Respondent.**

**No. 38608.**

Missouri Court of Appeals,
St. Louis District,
Division One.

March 21, 1978.

Hale W. Brown, H. William Brown, Jr., Kirkwood, for appellant.

Wayne L. Cummings, Belleville, for respondent.

McMILLIAN, Judge.

This appeal arises from an action instituted by Vernis Stout against his former wife, Lavern Stout, to partition a certain parcel of realty currently held by both as joint tenants with the right of survivorship. Judgment was entered granting the partition and appeal was taken to this court.

On October 29, 1969, Lavern and Vernis Stout were divorced. On this date both signed a quitclaim deed to the above mentioned realty stating that they were owners of the fee as joint tenants with the right of survivorship. This deed was filed in Jefferson County on November 18, 1969. Appellant contends, however, that on the date the deed was signed both parties impliedly agreed not to partition or sell. Upon this contention revolves the only issue to be resolved on appeal; that is, whether the phrase "joint tenants with the right of survivorship" contained in the deed amounts to an agreement not to partition. We hold that such words do not form the basis for such an agreement, and accordingly, affirm the trial court's order granting partition.

By way of introduction it would do well to briefly point out the historical development of the law in this area. At first, according to English common law, partition by court order was obtainable only by coparceners; that is, by co-heirs who had received undivided interests in land by inheritance. Therefore, initially the law did not allow partition of a joint tenancy. See I American Law and Property § 4.92 (A. J. Casner ed. 1952); *Ames v. Cheyne,* 290 Mich. 215, 287 N.W. 439, 440 (1939). As the law developed, however, statutes in most states were passed which authorized the right to partition. In § 528.030 RSMo 1969, Missouri created the statutory right to partition joint tenancies as well as tenancies in common.

■ As to the issue raised here the general rule in Missouri is that in the absence of an agreement, expressed or implied, not to partition the right to do so is absolute. *Mack v. Mack,* 286 S.W.2d 385, 388 (Mo.App.1956). As applied to the present situation appellant's argument fails.

There was absolutely no evidence presented at trial to prove that Vernis Stout had expressly or impliedly agreed with Lavern Stout not to partition the parcel of realty involved. Appellant argues, however, that the fact that the title was in joint tenancy with the right of survivorship is in itself an implication that there was an agreement not to partition. This argument is patently without merit. In Missouri, by statute, there is an absolute right to partition, § 528.030 RSMo 1969. The phrase "with the right of survivorship" is meaningful only to control the disposition of the fee upon death of one of the joint tenants. Such a phrase does not, as a matter of law, indicate by implication or otherwise an agreement not to partition.

■ Further, even if we were to find that the agreement here not to partition was made, the agreement would be invalid as an unreasonable restraint upon the alienation of property because it contained no limitation upon time or an express contingency which might terminate the agreement. See *Mack v. Mack,* supra. The Missouri Supreme Court stated in *Haeussler v. Missouri Iron Co.,* 110 Mo. 188, 19 S.W. 75, 77 (1892):

". . . The civil law refused to enforce agreements perpetually waiving the right of partition. Domat says: 'It is always free for every one of those who have anything in common among them to divide it, and, although they may agree to put off the partition to a certain time, yet they can make no such agreement as *never* to come to a partition; for it would be contrary to good manners that the proprietors should be forced to have always an occasion of falling out by reason of the undivided possession of a common thing.' Domat's Civil Law by Strahan, pt. 1, bk. 2, tit. 5, § 2, art. 11. And Mr. Freeman, in his work on Co-Tenancy & Partition, (section 442,) maintains that this is the rule in England and the United States. Restraints and fetters upon the alienation and enjoyment of property are opposed to the common law, and especially to the jurisprudence of to-day, which,

in the United States, at least, has almost wholly lost the spirit and genius of the feudal system and feudal tenures. . ." (Emphasis added.)

Applied here, the agreement would be invalid as it did not contain a limitation of time or an express contingency. Consequently, appellant's argument is without merit.

Judgment affirmed.

CLEMENS, P. J., concurs.

SMITH, J., concurs in result.