Arnold ROMANUS and Alice E. Romanus, Respondents,

v.

AMERICAN TRIAD LAND COMPANY, Indian Creek Hills, Inc., Robert T. Vance, Brad Eisenbeis, Jim Higgins and Douglas Roehrig, Appellants.

No. WD 35004.

Missouri Court of Appeals, Western District.

July 31, 1984.

Gideon H. Schiller and William J. Fletcher, Clayton, for appellants.

Ronald K. Carpenter, Camdenton, for respondents.

Before TURNAGE, C.J., and DIXON and CLARK, JJ.

CLARK, Judge.

In this suit invoking the provisions of the Interstate Land Sales Full Disclosure Act, 15 U.S.C. §§ 1701–1720 (1979), respondents sought avoidance of their contract to purchase a resort development lot, for a refund of payments made and for costs. A default hearing resulted in judgment against all defendants for $18,370.68. The issues on this appeal center on appellants' complaint that the pleading and proof do

not support the judgment entered. Reversed and remanded.

Respondents Romanus, husband and wife, entered into a contract May 6, 1970 to purchase from appellant Indian Creek Hills, Inc. a lot in a Morgan County subdivision. The purchase price was $1490.00 to which was added interest of $571.00 on deferred payments. A deed was to be delivered when payment was completed. According to respondents' petition, the contract price was fully paid but no deed was produced. Respondents also alleged breach of representations, made to induce the sale, that the developer would construct a lake, marina, recreation building and other on site improvements. The cause of action under Count II of respondents' petition sought rescission of the purchase, refund of monies and other relief. Count I of the petition alleging fraud and asking punitive damages was abandoned before trial and is not material to the issues here.

The two corporate appellants and the three individual appellants were regularly served with process November 14, 1980 and on December 4, 1980, attorney Gideon H. Schiller entered his appearance as counsel for all defendants and indicated an intention to file responsive pleadings within thirty days. No pleadings were, however, filed and on April 23, 1982, plaintiffs filed a motion for default judgment alleging a settlement and release agreement made between the parties, but later breached. The file reflects no action taken on that motion.

On March 18, 1983, the case was again noticed for hearing and in default of any appearance by the corporate and individual defendants, judgment was entered against them in the amount indicated. The sum was recited as consisting of $2061.20 paid by Romanuses on the purchase, subsequent interest of $448.30, attorney fees of $1011.18 and $14,850.00 "loss of bargain." Other facts bearing on the case will be described in the points with which they are associated.

## I.

We consider first the contention by the individual defendants that the trial court erred in entering a default judgment against them because the petition sought relief only against the corporate defendants. The appellants Eisenbeis, Higgins and Roehrig are correct and the judgment against them must be reversed outright.

The prayer of Count II of the petition,[1] repeated in its entirety stated:

"WHEREFORE, Plaintiffs pray for Judgment against Defendants Indian Creek Hills, Inc. and American Triad Land Company, for the sum of $2,061.20, being the total sum of money paid by Plaintiffs to Defendants Indian Creek Hills, Inc. and American Triad Land Company for the purchase of said real estate, together with interest at the highest legal rate, for their attorneys fees herein and for their costs herein expended and for such other and further relief as may be just and proper in the premises."

The absence of any assertion by plaintiffs that they are entitled to any relief against the individual defendants is patent from this recited statement of the judgment demand. Moreover, the factual allegations of the petition state no case against the individuals under the claim for rescission of the contract for deed and refund of the money paid. Allegations applicable to this theory of recovery speak only of acts by the individuals for or on behalf of the corporation. The basis upon which the trial court assumed to enter personal judgments against Eisenbeis, Higgins and Roehrig is not discernable.

The requirements of a pleading stating a claim for relief include a statement of facts showing the pleader is entitled to relief and a demand for judgment

---

**1.** Counts I and II were each followed by separate prayers distinguishable only in the itemization of damages claimed. Count I also asked no allowance of judgment against the individual defendants.

for that relief. Section 509.050, RSMo. 1978; Rule 55.05. In the situation of a defaulting defendant, the pleader is limited by the content of his claim and cannot enlarge upon the subject when proceeding to judgment. As the court observed in *White v. McFarland*, 148 Mo.App. 338, 128 S.W. 23, 27 (1910):

"We are not saying plaintiff could not have amended if defendant had appeared. What we are called upon to decide is what relief could be granted upon a default, and it is elementary law that no relief can be granted against the defendant other or greater than that asked by the petition. * * * The theory underlying this strictness of rule is that the reasonable inference is the defendant in default is willing to have the plaintiff granted the relief his petition asked, but no intendment can be indulged that he is willing for other relief to be granted."

■ The content of the petition served on appellants Eisenbeis, Higgins and Roehrig disclosed no intendment by the plaintiffs to seek any personal judgment against the individuals and, hence, these appellants incurred no liability to suffer judgment upon their failure to file a responsive pleading. The trial court erred in decreeing judgment against said appellants.

## II.

The corporate defendants against whom respondents sought and were granted relief contend in a second dispositive point, the combined points one and two of their brief, that the relief granted plaintiffs by the trial court exceeded that recoverable under the federal statute and was a departure from the pleaded cause and theory set out in the petition.

Assuming admission of the traversable allegations of plaintiffs' petition through the circumstance of defendants' default, the facts of the case were that the corporate defendants entered into a contract for the sale of land to plaintiffs on May 6, 1970 as the product of a mail solicitation. Plaintiffs paid the purchase price in installments, completed October 16, 1980, but were delivered no deed after demand therefor. Part of the inducement of the sale was the representation by defendants that certain improvements of a recreational nature would be made in the development. Those improvements did not materialize. The transaction was such that defendants were subject to the provisions of the Interstate Land Sales Disclosure Act. Defendants violated the terms of the act in that they failed to register the development and failed to supply plaintiffs a properly prepared property report. Count II of the petition sought the relief available under the act permitting a purchaser to void a land purchase contract as to land sold in violation of the requirements imposed by the act.

Under 15 U.S.C. 1709(e) (1968), in effect when the contract was made between respondents and the corporate appellants, the amount recoverable as damages by a purchaser from the seller was limited to the purchase price of the lot, the reasonable cost of improvements and court costs. The evidence in this case was that the cost of the lot amounted to $2061.20, including interest. No improvements had been made. The maximum amount recoverable by respondents on Count II of their petition invoking the contract rescission option of the federal law was $2061.20 and court costs.

Respondents seek to avoid the statutory limitation on the amount recoverable in this suit by contending their claim is governed by the provisions of 15 U.S.C. 1709 as amended in 1979. By the amendments, more liberal recoveries were authorized. Respondents assert the controlling date was not the date of the contract to purchase made in 1970, but a date in 1980.[2] This claim is without merit.

---

2. In their brief, respondents say a deed conveying the subject lot to them was recorded November 6, 1980. Their petition, however, asserts that the deed has not been delivered despite demand therefor. The evidence at the default hearing conducted March 18, 1983 makes no mention of a deed, but instead, the judgment deals with rescission of the purchase contract

■ The Count II claim by respondents, which resulted in the judgment appealed, was pleaded as standing on violations of the Interstate Land Sales Disclosure Act in that appellants did not have a statement of record on file and in effect with the Department of Housing and Urban Development and appellants did not furnish respondents a property report. 15 U.S.C. 1703(a)(1) makes it unlawful to sell property unless the statement is in effect and a property report is furnished the buyer. 24 C.F.R. § 1701.1 (1983) defines a sale as "any obligation or arrangement for consideration to purchase or lease a lot directly or indirectly." The activity which constitutes the "sale" is the initial signing of the contract or agreement for sale. *Fogel v. Sellamerica Ltd.*, 445 F.Supp. 1269, 1275 (S.D.N.Y. 1978).

■ The violation of the federal statute occurred on May 6, 1970 in this case when respondents signed the contract to purchase the lot. The law then in effect limited respondents' damages to recovery of their purchase money and court costs. They are not entitled to retroactive application of the 1979 amendment to enlarge that recovery, and are particularly not entitled to "benefit of the bargain" damages which the trial court allowed as the major portion of the judgment. *Fitzgerald v. Century Park, Inc.*, 642 F.2d 356 (9th Cir.1981). This disposition renders unnecessary any discussion of appellants' point that respondents pleaded no case for benefit of the bargain damages and were therefore precluded from introducing this claim for the first time at the default hearing.

### III.

■ The prior discussion, without more, suggests that disposition of this case could be made by reversing the judgment entered against all defendants and, pursuant to Rule 84.14, giving judgment to respondents against appellants American Triad Land Company and Indian Creek Hills, Inc. in

the amount of $2061.20 and court costs, assuming the last mentioned figure to be the purchase price for the lot in question. This disposition, however, is precluded because additional evidence is needed to ascertain the amount of damages respondents are entitled to recover and because the corporate appellants have the option of a jury for the inquiry of damages and the right to be heard to mitigate damages or to defeat the action by showing that no damage resulted. *State ex rel. Landmark KCI Bank v. Stuckey*, 661 S.W.2d 58, 61 (Mo.App.1983). The subjects for inquiry on damages, among others, are the amount respondents have already been paid by appellants in partial settlement, the status of the title to the subject lot and the entitlement of respondent Alice E. Romanus to any recovery.

■ The record on appeal indicates and statements by respondents' attorney to the court at the default hearing confirm that during the pendency of the case in the trial court, a settlement of the dispute between the parties was negotiated and partially performed. According to respondents' attorney, his clients had been paid by appellants "approximately almost exactly one thousand dollars." The judgment as entered, however, took no account of any payment, whatever the amount may have been. If respondents base their action on a claim to a refund of the price paid for the lot, appellants are obviously entitled to credit for any partial refund already paid. The fact and amount of such partial settlement payment are essential ingredients to be considered in determining the award of damages.

■ Also appropriate for consideration in drawing the judgment for damages is the state of the title to the lot in question. According to respondents' brief, a deed conveying title to them was recorded in November, 1980. The petition, however, asserts that no deed was delivered after demand was made. The evidence taken at

and imposes no obligation on respondents to reconvey. Obviously, respondents are not entitled to ownership of the land and a refund of

the purchase price. Inquiry into this subject will appropriately be made by the trial court on remand.

the default hearing makes no mention of the subject. Obviously, if respondents hold record title to the lot and seek to rescind the purchase contract, they must tender a reconveyance of title. The facts as to title status must be determined by the evidence before a judgment finally resolving the controversy may be entered.

■ Lastly, the default judgment as to liability and damages entered by the trial court awarded damages to both respondents. The petition asserts the Romanuses, husband and wife, contracted for the lot purchase and paid the purchase price. The testimony by Arnold Romanus, however, was that he signed the contract and he alone paid the consideration. Respondent Alice E. Romanus did not appear at the hearing and her name was not mentioned. If a judgment awarding damages to Alice E. Romanus is to be entered, it must be supported by some evidence that Alice E. Romanus did sustain some monetary loss.

The judgment is reversed as to appellants Brad Eisenbeis, James Higgins and Douglas Roehrig. The judgment is affirmed as to appellants American Triad Land Company and Indian Creek Hills, Inc., but only as to adjudication of liability on default pursuant to Rule 74.045. The cause as to said appellants is remanded with directions that the trial court proceed with hearing for assessment of damages as provided in Rule 74.10 and in accordance with this opinion. Costs are assessed against respondents.

All concur.