**In the Matter of Michele T. TRENHOLM, et al., Appellants,**

v.

**Gary S. TRENHOLM, Respondent.**

**No. 49739.**

Missouri Court of Appeals, Eastern District, Division Five.

Nov. 26, 1985.

Mark R. Bahn, Martin, Bahn & Cervantes, St. Louis, for appellants.

Donald K. Anderson, Jr., St. Louis, for respondent.

MANFORD, Special Judge.

This is a civil action in partition filed pursuant to § 528.020, RSMo 1978. The trial court entered a judgment of dismissal. The judgment is affirmed.

Appellants present two points, which in summary charge the trial court erred in dismissing their petition because (1) they properly brought their cause pursuant to § 528.020 in that the prior separation agreement created in each appellant a one-fourth (¼) interest in the estate, and (2) the separation agreement, being without a time limit as to the sale of the property, constituted an unreasonable restraint upon appellant Michele's right to partition.

In summary, the pertinent facts are as follows:

The marriage of appellant Michele Trenholm and respondent Gary Trenholm was dissolved in June of 1980. Prior to the dissolution Michele and Gary executed a separation agreement which the circuit court found not unconscionable and which was subsequently incorporated into but not set out in the decree of dissolution.

The separation agreement provides that respondent shall retain possession of the family residence until such time as respondent shall decide to sell said premises. In that event, the separation agreement provides that the net profits from the sale of said premises shall be divided as follows: One fourth (¼) to Michele; one fourth (¼) to Gary; and one fourth (¼) each to Wesley and Jennifer Trenholm, the minor children of Michele and Gary. Appellants relied on their (¼) each interest in the net profits as the basis for this partition action.

Since appellant's points are so interrelated, they are taken up, discussed, and disposed of simultaneously.

■ A proceeding for partition is strictly statutory. *Phelps v. Domville*, 303 S.W.2d 601, 605 (Mo. banc 1957). Chapter 528 RSMo contains the provisions on partition suits in Missouri. Section 528.030 states in part:

> In all cases where lands, tenements or hereditaments are held in joint tenancy, tenancy in common, or coparcenary, including estates in fee, for life, or for years, tenency by the curtesy and in dower, it shall be lawful for any one or more of the parties interested therein, whether adults or minors, to file a petition in the circuit court of the proper county, asking ... for the partition [of the property], if the same can be done without great prejudice to the parties in interest; ...

Respondent contends that appellants Wesley and Jennifer Trenholm do not have an interest in the property such that they would be proper parties in a partition suit. Specifically, respondent contends that, by virtue of the separation agreement, appellants Wesley and Jennifer have, at best, an interest in the net profits which would re-sult from the sale of the property and not an interest in the property itself.

Section 528.020 defines the proper parties in an action to partition as:

> All persons in being who are vested, and all persons in being who might or would have become vested, with an estate in said lands in case the event, condition, contingency or lapse of time upon which the same may be limited to vest in such person had happened or occurred at or immediately prior to the commencement of such suit, ...

The issue in this case as to Wesley and Jennifer is whether they are or will be "vested with an estate" in the property. Neither appellants nor respondent nor independent research has been able to discover a case on point in Missouri. It appears this is a case of first impression.

The word "estate" has several distinct meanings, and various meanings have been given the word by the courts. 31 C.J.S. *Estates* § 1 (1964). It is defined in Black's Law Dictionary 490 (5th ed. 1979) as "[t]he degree, quantity, nature, and extent of interest which a person has in real and personal property." Apparently, courts in Missouri have applied a similar meaning to the word: An estate is "[t]he interest which any one has in lands or in any other subject of property, ..." *Donelson's Estate v. Gorman*, 239 Mo.App. 300, 192 S.W.2d 29, 31 (1946), and "[a]ccording to common law, estates are classified, with regard to duration or quantity of interest, ..." *Thacker v. Flottmann*, 244 S.W.2d 1020, 1022 (Mo.1952).

In the present case, appellants were accorded an interest in *net profits* resulting from the sale of the property in question. Appellants argue that such an interest also accords them a *vested interest in the land itself.* "A vested interest is one in which there is a present fixed right, either of present enjoyment or of future enjoyment." *Hereford v. Unknown Heirs, Grantees or Successors of Tholozan*, 365 Mo. 1048, 292 S.W.2d 289, 294 (banc 1956).

■ Wesley and Jennifer do not hold their interests pursuant to a deed, will or

any other instrument of conveyance. Wesley and Jennifer do not have a present fixed right to either present or future enjoyment in the property itself; they do not have a present fixed right to possess the remainder interest. It cannot be said that Wesley and Jennifer have a vested interest in the property itself and without such an interest they have no right under § 528.020 to seek a partition of the property.[1]

Appellants first cite several cases to support their argument that Wesley and Jennifer have a vested interest in the property itself. However, none of these cases are persuasive because each may be distinguished on a crucial issue:

Appellants cite *Fogle v. Pindell*, 248 Mo. 65, 154 S.W. 81 (1912), for the proposition that "any person who, upon any contingency, may be entitled to any beneficial interest in the premises is a necessary party" to a partition suit. Note, however, that the key phrase is "interest in the premises". In *Fogle*, the parties argued their interest in the premises (not profit) pursuant to their rights as heirs and devisees under a will. In the present case, appellants Wesley and Jennifer assert an interest which arises by virtue of a contract to which they are third party beneficiaries.

Appellants also cite *Murphy v. Shelby*, 353 F.2d 418 (8th Cir.1965), for the proposition that "the fact that one claiming equitable title is not in possession is not a bar to a partitions suit." In *Murphy*, however, petitioner seeking a partition based his claim of equitable title on the fact that he had given substantial value for the property. In the present case, Wesley and Jennifer have given no value for the property.

Finally, appellants cite *Norman v. Durham*, 380 S.W.2d 296 (Mo.1964) for the proposition that "despite the absence of legal title, Petitioners had equitable title in the land, and that a partition action would lie." *Norman* differs from the present case in that the petitioners in *Norman* were partners in a joint venture and had legal title to the property which they subsequently conveyed to another, thereby creating a trust for their own benefit. In the present case appellants Wesley and Jennifer never possessed legal title, the property has never been put in trust for their benefit. Wesley's and Jennifer's interests result not from the conveyance of title, but from a contract between Gary and Michele.

■ None of these cases are controlling or persuasive in the disposition of the present case. The burden of proof in a partition action rests upon the party or parties bringing the action, to establish the title claimed. *Schwarberg v. Grace*, 526 S.W.2d 83, 85 (Mo.App.1975). Appellants Wesley and Jennifer have failed to plead facts that, if true, would entitle them to relief under § 528.030. Therefore, the trial court did not err in dismissing their claim. Rule 55.05(1), *Romanus v. American Triad Land Co.*, 675 S.W.2d 122, 124 (Mo. App.1984).

■ Appellant Michele alleges in the petition that she and respondent are seized as tenants in common of the subject property and, by virtue of her interest as a tenant in common, she has a right to partition. However, respondent points out that in appellants' suggestions in opposition to respondent's motion to dismiss appellants acknowledge that in fact Michele may be barred from bringing the partition suit by virtue of the separation agreement. The issue of an admission is not relevant because this court holds as a matter of law that Michele's suit for partition is barred by virtue of her execution of the separation

---

1. It is not clear from the pleadings nor is it stated in the parties' briefs how the property was titled before the dissolution. If it was titled in the names of Gary and Michele in fee simple, then the minor children have no fixed interest in the remainder because there is no remainder interest following a fee estate. 31 C.J.S. Estates, § 8(b) (1064). This court makes the assumption that the property is so titled because it is the burden of those seeking partition to establish the title claimed. *Schwarberg v. Grace*, 526 S.W.2d 83 (Mo.App.1975). If Wesley and Jennifer do have a remainder interest in the property, then they should have plead such in order to establish their interest.

agreement. *Mack v. Mack*, 286 S.W.2d 385 (Mo.App.1956).

 Furthermore, appellants' allegation that the separation agreement is an unreasonable restraint upon Michele's right to partition because the agreement imposes no time limit in which respondent must effect the sale of the property is without merit. Appellants cite *Stout v. Stout*, 564 S.W.2d 89 (Mo.App.1978), for the proposition that an agreement not to partition which contains no time limit is invalid as an unreasonable restraint upon alienation of property. Appellants, however, neglect to cite the *Stout* holding in its entirety, which reads: "The agreement would be invalid as an unreasonable restraint upon alienation of property because it contains no limitation upon time *or an express contingency which might terminate the agreement.*" *Id.* at 90. (Emphasis added.)

In the present case the separation agreement contains an express contingency which will terminate the agreement: i.e. when respondent decides to sell the property. The language of the agreement is unambiguous and therefore the agreement must be enforced or given effect in accordance with its terms, and without resort to construction to determine the intention of the parties, and the construction of the parties, if at variance with the written term, will not be followed. *Willman v. Beheler*, 499 S.W.2d 770, 775 (Mo.1973), and *Campbell v. Webb*, 356 Mo. 466, 202 S.W.2d 35, (1947).

Michele was represented by counsel during the dissolution and respondent was without counsel. Michele's counsel drafted the agreement which the circuit court in the dissolution proceeding found to be conscionable. Therefore, appellants cannot now complain that the agreement is unconscionable.

There is no merit to either point presented by appellants and both are ruled against them. The trial court did not err in dismissing appellants' petition.

The judgment is affirmed.

DOWD, P.J., and REINHARD, J., concur.