Jacqueline A. STARK, Petitioner,

v.

Sidney J. THIERJUNG, Respondent.

No. 50211.

Missouri Court of Appeals,
Eastern District,
Division One.

July 8, 1986.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Aug. 8, 1986.

Application to Transfer Denied
Sept. 16, 1986.

L. Richard Brinkman, Jr., Arnold, for petitioner.

Carl D. Lothman, Clayton, for respondent.

SNYDER, Judge.

This is an appeal by a former wife from a summary judgment in favor of her former husband on the wife's "motion to modify and motion for new trial concerning property division". The motion was later amended to include a count requesting the court to hold the husband in contempt and another count seeking partition of a marital residence. The appeal concerns the interpretation of the separation agreement which was incorporated in the decree dissolving the marriage of the parties. The summary judgment is affirmed.

The wife charges the trial court erred in: (1) dismissing wife's motion for a new trial on the grounds of lack of jurisdiction because the marital real estate was never divided and jurisdiction is retained even though the time in which an appeal could have been taken had expired; (2) denying wife's motion for partition because wife's interest was subject to partition; and (3) denying wife's motion for contempt because cohabitation is equivalent to remarriage and should be grounds for enforcement of the separation agreement which called for payment by the husband of one-half of the appraised net equity of the marital residence upon his remarriage.

The marriage of Jacqueline and Sidney Thierjung was dissolved on November 20, 1981, by the Circuit Court of St. Louis County after a hearing at which both parties appeared. Appellant Jacqueline Stark, then Jacqueline Thierjung, was represented by an attorney who prepared a separation agreement signed by both parties. The separation agreement was found not unconscionable and was filed, incorporated and made part of the decree pursuant to Sec. 452.325 RSMo. 1978. Respondent Sidney Thierjung was not represented by counsel at this hearing.

Primary custody of the two female children of the marriage, ages 11 and 9 at the time of the hearing, was awarded to the husband by the terms of the parties' separation agreement. The statement of property filed by the wife shows the major asset of the marriage to be a family residence valued at $80,000.00 subject to a $50,000.00 mortgage.

On February 10, 1982, almost two months after the judgment became final, the wife filed her motion for a new trial and to modify. In Count I the wife requested the court to transfer primary custody of the two daughters to her. In Count II she moved for a new trial to divide the marital residence. The husband's motion to dismiss Count II was denied on September 3, 1982.

On January 5, 1984, with respect to the custody count only, the trial court modified the prior decree, giving wife additional temporary custody of the parties' children.

On September 14, 1984, by leave of court, wife added two additional counts. In Count III wife asked the court to find husband in contempt for not selling the marital residence. In Count IV she requested partition of the marital residence.

On January 9, 1985, wife filed a second motion to modify child custody and support which remained pending at the time the other counts were dismissed. The trial court granted husband's motion for summary judgment on the contempt and partition counts and ordered Count II dismissed with prejudice because the court lacked jurisdiction to grant a new trial.

Rule 74.04(c) provides that a summary judgment shall be granted if it is shown that "there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law". This court's review of summary judgment is equivalent to review of a court-tried proceeding and if, as a matter of law, judgment is sustainable on any theory, it must be affirmed. *Rue v. Helmkampf*, 657 S.W.2d 76, 80[4] (Mo.App.1983).

There is no genuine issue of any material fact here. There are two questions of law.

The first is interpretation of the clause in the separation agreement concerning the marital residence as it affects the jurisdiction of the trial court. The second is whether cohabitation with a member of the opposite sex is the equivalent of remarriage for the purpose of the settlement agreement real property clause.

In the wife's first point she charges trial court error in the dismissal with prejudice of Count II, her motion for a new trial to divide the marital residence. Wife argues that the property was not divided by the trial court and, therefore, the trial court retains jurisdiction.

The parties' separation agreement awarded the residence as follows:

5. The parties acknowledge that they are tenants by the entirety of a residence located at 2332 Hempline Court in St. Louis County, Missouri. Petitioner agrees to convey all of her right, title and interest to the Respondent in and to the residence located at 2332 Hempline Court, St. Louis County, Missouri, and Respondent agrees to pay to Petitioner one-half (½) of the net sale proceeds from the sale of said residence or one-half (½) of the appraised net equity in said residence at such time as Respondent shall remarry. Respondent agrees to pay all indebtedness on said property and to hold Petitioner harmless for payment thereof.

The transcript from the November 20, 1981 dissolution hearing includes this dialogue:

Q. [THE COURT] ... The property. With regard to this house, as I said to your attorney just a minute ago off the record, often this kind of provision is in a separation agreement but it often includes ... when the children are emancipated, that is when they are twenty-one that you would be entitled to whatever would be half the appraised equity of the house at that time. But that's not what your agreement reads.

A. [JACQUELINE STARK] No, ma'am.

Q. [THE COURT] And is that your understanding?

A. [JACQUELINE STARK] Yes, ma'am.

Q. [THE COURT] So you understand you may never get anything out of this house. That's a possibility?

A. [JACQUELINE STARK] Yes, ma'am, I understand that.

Q. [THE COURT] Okay, and that's okay with you?

A. [JACQUELINE STARK] That's fine.

Q. [THE COURT] I just wanted to make sure you understood everything you're doing.

A. [JACQUELINE STARK] Yes, ma'am, thank you.

■ When the terms of a parties' separation agreement are incorporated into a dissolution decree, the court does not retain the power to modify them. *Mottel v. Mottel*, 664 S.W.2d 25, 26[1] (Mo.App.1984). The provisions concerning the occupancy of the marital residence, its eventual sale and the distribution of proceeds was a division of marital property. *Id.* A trial court has no authority to modify the property disposition provisions of a decree of dissolution after it has become final. *State ex rel., McClintock v. Black*, 608 S.W.2d 405, 407[1] (Mo. banc 1980); *Leventhal v. Leventhal*, 629 S.W.2d 505, 507[3] (Mo.App. 1981), Sec. 452.360.2, RSMo.1978.

■ In the present case, the divorce decree was entered on November 20, 1981. Appellant's motion for a new trial was filed on February 10, 1982. The trial court was therefore without jurisdiction to consider appellant's motion for a new trial. Rule 73.01(a)(3).

Appellant attempts to attack the judgment collaterally, arguing that the judgment was not final because it was vague, without a finding of value, without a full legal description of the property, and without an allocation of marital and non-marital assets. Appellant cites *In Re Marriage of Dusing*, 654 S.W.2d 938 (Mo.App.1983) and *Fields v. Fields*, 584 S.W.2d 163 (Mo.App. 1979) to support her contentions.

■ In both of the cited cases, the action of the trial court was reviewed in a timely appeal, not, as here, in a motion filed long after the judgment became final. A judgment of a court having jurisdiction cannot be impeached collaterally by showing the evidence on which it is based would have been insufficient on appeal to sustain the judgment. *Epperson v. Epperson,* 677 S.W.2d 950, 952[3] (Mo.App.1984), citing *State ex rel., McClintock v. Black, supra.*

Appellant also cites *Dutton v. Dutton,* 668 S.W.2d 585 (Mo.App.1984), for the proposition that an unforeseen circumstance occurring after the judgment becomes final can give the trial court jurisdiction to modify the dissolution decree and accelerate the sale of the marital residence. She points to husband's cohabitation with a woman not his wife as a changed circumstance.

*Dutton* is not apposite. The facts are distinguishable. The changed circumstance in *Dutton* was a change of custody of children when the wife's possession of the marital home was conditioned on her residing there with the minor child or children of the parties. *Id.* at 590[9]. The *Dutton* separation agreement allowed the wife to occupy the house until "the children are emancipated or have completed high school, whichever shall occur first ...", among other conditions. *Id. Dutton* is not authority for finding trial court error in the case under review. The trial court's dismissal with prejudice of that portion of wife's motion which requests a new trial to divide the marital property is affirmed.

■ In the wife's second point she cites trial court error in granting summary judgment for husband on wife's request for partition, arguing that her interest in the marital real estate was subject to partition. This point is also without merit.

The wife, whose attorney drafted the separation agreement which the husband signed without benefit of counsel, agreed in open court that she understood it was a possibility she would never get anything out of the house. Now she seeks partition but, in fact, she has no interest subject to partition. *Trenholm v. Trenholm,* 701 S.W.2d 209, 212[4] (Mo.App.1985).

In *Trenholm* a former wife's suit for partition was barred as a matter of law because she executed a separation agreement granting the husband the right to retain possession of the family residence until such a time as he should decide to sell the residence. *Id.* The court of appeals also found that the separation agreement which placed possession of the marital residence in the husband until he should decide to sell it was not an unreasonable restraint on alienation. *Id.* at 213[5].

In the present case, the husband holds title subject to the wife's interest if he should sell the property or remarry. As in *Trenholm,* this court finds the language of the parties' separation agreement unambiguous. Therefore, the separation agreement must be enforced or given effect in accordance with its terms. *Id.* Appellant's second point is denied.

■ In wife's final point she asserts trial court error in the failure to find husband's cohabitation with a female equivalent to marriage and to hold husband in contempt for not conveying to wife one-half (½) the appraised value of the residence. In an action for past due maintenance, it was held cohabitation was not equivalent to marriage. *Schloss v. Schloss,* 682 S.W.2d 53, 54[2] (Mo.App.1984). Common law marriages are null and void in Missouri. Sec. 451.040.5 RSMo Cum.Supp.1984. Appellant's third point is denied.

The judgment is affirmed.

CARL R. GAERTNER, P.J., and SMITH, J., concur.