Mary Lee STEWART, Appellant,

v.

Johnny Louis STEWART, Respondent.

No. 51657.

Missouri Court of Appeals,
Eastern District,
Division One.

March 10, 1987.

Motion for Rehearing and/or Transfer
Denied April 9, 1987.

E.D. Lofftus, Lofftus and Dawdy, Fenton, for appellant.

Martin Schiff, Jr., William J. Raack, St. Louis, for respondent.

CRIST, Judge.

Respondent (father) filed a motion to cite appellant (mother) for contempt for failing to pay him his equity in the marital residence after their youngest son had reached his majority, as provided by their separation agreement and dissolution decree. Father also asked the trial court for its order to sell the residence to satisfy his claim to the equity. Mother filed an answer asking that father be cited for contempt for failing to pay past child support. The trial court denied both motions for contempt, but ordered the sale of the residence with father to get one-half of the equity of such residence as of the time of sale. We reverse and remand with directions.

The seminal issue is whether father was to get one-half the equity at the time of sale, or whether he was to get one-half the equity at the time of the dissolution decree on October 22, 1975. The equity in the real estate has increased in value from approximately $12,000 to at least $38,000.

At the time of the divorce, the parties were joint owners of the marital residence. The terms of the dissolution decree referred to a written separation agreement incorporated therein. A portion of the separation agreement provides:

Party of the First Part (mother) shall be entitled to the Parties' home located at 119 Flesher in Ellisville, Missouri. At the time the Parties' youngest son, Ste-

ven Paul Stewart, shall reach the age of majority or be fully emancipated, it shall become the obligation of the Party of the First Part to pay to the Party of the Second Part (father) a sum of money equal to one-half (½) of the current equity in the said real estate less all proper expenses of selling said home, taxes and other fees. It is further agreed that the fair market value of said property as of the signing of this Agreement is Twenty Eight Thousand ($28,000) Dollars.

At no time since the dissolution has there been any conveyance of the marital residence, and title continues in both mother and father. Their youngest son became twenty-one years of age on January 28, 1984. Father testified he thought he was to receive one-half of the equity valued at the time of sale. Mother testified he was to receive one-half of the equity, valued at the time of the dissolution decree. There was little evidence on the question of the intention of the parties at the execution of the separation agreement.

■ Excepting for the words "less all proper expenses of selling said home, taxes and other fees," there can be little question about the intention of the parties at the time of the execution of their agreement. The parties would not have used the term "current equity" or provided that "the fair market value ... as of the signing ... is twenty-eight thousand dollars," unless the equity to be paid to father was to be calculated based upon the value of the home at the time of the dissolution decree.

Mother was to get the marital residence. When their youngest son reached his majority, mother had to pay father a sum of money equal to one-half of the equity valued at the time of dissolution, which was approximately $12,000. We do not know why the parties chose to add the words "less all proper expenses of selling said home, taxes and other fees," and no reasonable explanation is offered by the parties; but we are not permitted to make an agreement other than that of the parties. In any event, the parties agree that if the property must be sold, each must share the payment of the sale expenses.

The wording of the agreement regarding the proceeds of the marital residence is not ambiguous. The parties are bound by its terms. *Stark v. Thierjung,* 714 S.W.2d 830, 833 [5] (Mo.App.1986).

■ Wife claims she was entitled to back child support and medical expenses. However, such issues were not framed by the pleadings. She asked that husband be cited for contempt for the failure to pay back child support and medical expenses, but she did not ask for any affirmative relief by setoff or counterclaim. Rule 55.08; *Land Clearance for Redevelopment Corp. v. Doernhoefer,* 389 S.W.2d 780, 789[20] (Mo. App.1965). Notwithstanding the clear indication by the trial court that mother's pleadings did not permit a judgment granting the relief she now requests, mother made no effort to request leave for the filing of an amended or supplemental pleading. Though evidence relevant to the alleged contempt came in concerning unpaid bills, mother made no offer of proof to the trial court of any amounts she desired to assert as an offset. Accordingly, she has not preserved this point for review. *Hawkinson v. Tread Tire Service Co. v. Walker,* 715 S.W.2d 335, 336 (Mo.App. 1986).

The judgment of the trial court that "current equity" was to be measured as of the time mother's obligation to pay had matured rather than the time of the dissolution decree is reversed. The separation agreement shall be interpreted to mean father may receive his "current equity" measured as of the time of the dissolution decree. Mother shall have the right to pay the equity due father in lieu of sale of the marital residence. In all other respects, the judgment of the trial court is affirmed. The trial court is directed to enter an order in accordance with this opinion.

Judgment reversed and remanded.

SATZ, P.J., and KELLY, J., concur.