**Louanna Lee MOORE, Appellant,**

v.

**Carl James MOORE, Respondent.**

**No. WD 41804.**

Missouri Court of Appeals,
Western District.

Feb. 20, 1990.

Arthur A. Benson, Veronica Jongenelen, Kansas City, for appellant.

Hadley E. Grimm, Macon, for respondent.

Before KENNEDY, P.J., and
LOWENSTEIN and BERREY, JJ.

BERREY, Judge.

Louanna Moore, appellant, appeals from a judgment of the trial court on remand awarding Carl Moore, respondent, all of the cattle claimed by appellant to be undistributed marital property. Appellant presents three points on appeal: (1) that the trial court erred in awarding the cattle to respondent as it acted beyond this court's mandate; (2) that the trial court erred in awarding the cattle to respondent as it was without authority in that the agreement was decretal under § 452.325, RSMo 1986, and thus not subject to modification; and (3) that the trial court abused its discretion in awarding the cattle to respondent.

Affirmed.

On June 13, 1979, Judge Belt granted a dissolution of marriage by default to the above parties. A property settlement had been entered into between the parties prior to the dissolution which was approved in the court. However, in her petition for dissolution of marriage, Louanna's prayer was that the respondent pay to petitioner the sum of $30,000 in the form of $20,000 cash at the time of dissolution and $10,000 to be evidenced by a promissory note secured by a real estate mortgage, for and in consideration of petitioner releasing all of her interest to respondent in jointly owned real estate, farm machinery, *livestock*, grain storage, equipment, tools, hay and all other vehicles. Respondent did, in fact, pay to Louanna the $30,000 in the manner prayed for.

In addition, the parties executed a property separation agreement which purported to divide their personal property. No specific mention of the livestock was made in that agreement. Paragraph 4 of the agreement reads as follows:

Second Party agrees to convey to First Party 1977 Ford and the parties agree to mutually divide all of their personal property, household goods, furniture and appliances as well as the savings account at Callao Community Bank on a 50/50 division.

Soon after the dissolution the parties had a disagreement over the division of the cattle.

On July 25, 1980, Louanna filed a Motion to Reopen The Property Division Portion Of The Decree Of Dissolution. On September 2, 1980, Carl Moore filed Respondent's Motion To Dismiss. On January 26, 1981, the court sustained respondent's motion.

On July 31, 1981, Louanna filed a Petition For Equitable Division of Undistributed Marital Property. Paragraph 6 of that petition reads as follows:

That the parties, at the time of dissolution, further owned $80,000 worth of marital property, to wit, cattle, which was not expressly distributed under the terms of the Separation Agreement which fell within paragraph 4 of said agreement.

This petition was dismissed by the trial court and the dismissal was appealed to this court. *Moore v. Moore*, 657 S.W.2d 37 (Mo.App.1983).

Appellant first contends that the trial court erred in its award of the cattle to respondent as it violated the mandate of this court in *Moore I* by reforming the property settlement agreement.

In *Moore I* this court said:

While appellant appears to assert entitlement to one-half of the cattle under the general provision of the property settlement, she also charges that term to have been ineffectual because operative in the future in violation of the statutory requirement for final division of property on entry of the decree.

*Id.* at 39.

The opinion further held that "the petition can be construed as seeking to reopen property distribution to accomplish division of the cattle as an omitted asset." *Id.* So stated, the petition stated a cause of action

sufficient to withstand the dismissal motion. The court concluded it was expressing no opinion as to appellant's entitlement to a share of the cattle or to other provisions of the separation agreement already accomplished. The court held, "[o]n remand, it will be the responsibility of the trial court to make such disposition of the cattle as may appear proper taking into consideration the factors listed in § 452.330, RSMo Supp.1982 and such other evidence as may be presented." *Id.* The trial court was ordered to dispose of the cattle and it did, following an extensive hearing. Appellant's Point I is denied.

Next, appellant contends that the trial court erred in awarding the cattle to respondent as it was without authority to reform the agreement, in that the agreement was decretal in nature and not subject to modification.

The testimony in *Moore II*, centered around the intentions of the parties and scrivener's errors, etc. The appeals court will defer to the superior position of the trial court in determining the credibility of witnesses. *McGuire Furniture Rental Co. v. Merta*, 773 S.W.2d 878 (Mo.App. 1989).

Under *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976), this court may not disturb a lower court's judgment unless it is against the weight of the evidence, there is no substantial evidence to support it or it erroneously declares or applies the law. *Id.* at 32.

Demonstrating extreme patience, the trial court found that the cattle were inadvertently omitted from paragraph 1 of the Property Separation Agreement dated June 12, 1979, and that they should have been included along with various items of farm equipment, tools and hay. Paragraph 1 reads as follows:

In consideration of Second Party paying to First Party $30,000.00, $20,000.00 cash and $10,000.00 evidenced by Promissory Note and secured by a Deed of Trust on 347 acres, First Party agrees to release her undivided marital interest in the 347 acre farm, to wit:

TRACT I. [description omitted]

TRACT II. [description ommitted]

and further First Party agrees to convey to Second Party by Bill of Sale the following described farm machinery and motor vehicles:

1973—1086 Intern. Harvester Tractor Plow

1974—K Gleaner Combine

1960—Allis Chalmers D 172

(1) Wagon

1/2 grinder—mixer

1/3 John Deere Chopper

8 ft. Blade Kewanee

4 planter Allis Chalmers

½ New Holland Baler

1978 ½ Ton Ford Pickup

All misc. equipment, tools, and hay

Kewanee Disc

Loader

½ grain elevator 52 ft. 6 in. grain auger

⅓ Haybine

4 row Allis Chalmers Cultivator

New Idea Rake

B Allis Chalmers Tractor

1952 2 Ton Chevrolet

This is the logical position for the trial court to take, especially given the prayer in the original dissolution petition heretofore addressed, and the evidence adduced at this hearing. Thus, the trial court's reform of the Property Separation Agreement was proper and appellant's Point II is denied.

■ Finally, the appellant claims the division of marital property was not equitable.

During her testimony appellant was asked:

Q. And one of the questions was, "Has the personal property already been divided to your satisfaction", and you answered, "Yes."

A. That's how he told me to answer it.

Q. But that is how you answered it.

A. Probably, I don't know.

Q. You also told the Court that the settlement agreement was fair and reasonable, did you not?

A. It would be with the 50–50 division of the cattle which was in there.

Q. You didn't tack that qualification on when you gave your answer, did you?

A. I didn't think I had to then.

Full appreciation of appellant's Point III can best be noted through appellant's testimony during her default dissolution proceedings.

Her attorney inquired as follows:

Q. Do you feel, considering the value of the farm and the machinery and the debts that are against the farm, and the fact that you are not interested in continuing in the farm operation, that this settlement and the payment of the cash to you for your interest, was a fair and just settlement considering everything?

A. Yes.

Q. Are you asking that the Court approve this property separation agreement that has been signed by you and Carl?

A. Yes.

Whereupon plaintiff's attorney offered the Separation Agreement, Petitioner's Exhibit 1, into evidence and the same was received.

During further colloquy with the court, Louanna acknowledged that the division of property was approximately 50–50. During the default hearing Louanna was asked, "Have you also agreed as part of the general consideration for the Thirty Thousand Dollars in cash that you are to convey all the farm machinery and equipment to him?" She answered, "Yes." She further acknowledged that she was to convey her interest in the farm for this payment. It is obvious from the facts herein and the pleadings that Louanna's attorney, for whatever reason, did not cover all of the property she was to convey in this question. Because of that abbreviation we are again reviewing this case. "[I]t is a general rule that allegations or admissions of fact contained in pleadings upon which a case is tried are binding on the pleader, ...." *Sayers v. Bagcraft Corporation of America, Inc.,* 597 S.W.2d 280, 282 (Mo. App.1980). The $30,000 payment appellant accepted was a surrender of any interest in the livestock all as per her dissolution pleading. *See Warren v. Warren,* 601 S.W.2d 683, 686 (Mo.App.1980).

We note in passing that "[t]he right to enjoy the fruits of a judgment and the right to attack it on appeal are inconsistent and an election to pursue one course is an abandonment of the other." *Warren v. Warren, supra,* 601 S.W.2d at 687. In the initial case, however, appellant did not appeal. She accepted the judgment and thirteen months later filed her action to divide property she alleged was not divided. In *Dow v. Dow,* 732 S.W.2d 906, 907 (Mo. banc 1987), the court affirmed the trial court which found that Carolyn Dow testified at trial that her property settlement agreement was fair and asked the court to approve the settlement. Such is the posture of the instant case.

Finally, in *Trenholm v. Trenholm,* 701 S.W.2d 209 (Mo.App.1985), the parties executed a Separation Agreement before the dissolution proceedings and the court found it not unconscionable. The agreement provided that respondent should retain possession of the family residence until respondent should decide to sell. If sold, the proceeds were divided per the separation agreement which included a share of one-fourth each to Michele and Gary, the parties to the dissolution, and one-fourth each to their minor children Wesley and Jennifer. *Id.* at 211. Partition was sought and denied. The court concluded that Michele was represented by counsel during the proceeding while Gary was not. Michele's attorney drafted the agreement which the circuit court approved and, therefore, "appellants cannot now complain that the agreement is unconscionable." *Id.* at 213. Although *Trenholm* deals with unconscionability and the instant case deals with an alleged inequitable distribution the result remains the same. Petitioner's attorney, in the instant case, drafted the original property settlement agreement and thus, petitioner cannot now complain.

Judgment of the trial court is affirmed.

All concur.